UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
KHRISTINA MCLAUGHLIN,                              :
                                                   :
                 Plaintiff,          :
                                                   :
   -against-                                       :   Case No. 1:17-cv-09023-RA
                                                   :
                                                   :
MACQUARIE CAPITAL (U.S.A.) INC., and               :
ROBERT ANSELL                                      :
                                                   :
                 Defendants.         :
                                                   :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT MACQUARIE CAPITAL (USA) INC.'s MOTION TO COMPEL ARBITRATION

PROSKAUER ROSE LLP

Lloyd B. Chinn, Esq.
Jenna L. Hayes, Esq.
Eleven Times Square
New York, NY 10036
(212) 969-3000
(212) 969-2900 (Fax)
lchinn@proskauer.com
jhayes@proskauer.com
*Attorneys for Defendant Macquarie Capital (USA) Inc.*

## **TABLE OF CONTENTS**

                                                                          **Page**

TABLE OF AUTHORITIES ..................................................................................................ii

PRELIMINARY STATEMENT .............................................................................................1

RELEVANT FACTS ...............................................................................................................2

      A.    The Parties...................................................................................................2

      B.    Terms of Plaintiff's Agreement to Arbitrate ..............................................2

      C.    McLaughlin's Filing of the Instant Action Contrary to the Agreement..........................4

ARGUMENT............................................................................................................................6

I.    THIS ACTION SHOULD BE DISMISSED AND PLAINTIFF SHOULD BE COMPELLED TO ARBITRATE ALL OF HER CLAIMS.........................................6

      A.    This Dispute is Governed by the Federal Arbitration Act ..............................6

      B.    The FAA Requires Arbitration of the Claims Asserted in Plaintiff's Complaint ...........7

            1.    McLaughlin Entered Into a Valid and Enforceable Agreement to Arbitrate.........9

            2.    McLaughlin's Agreement to Arbitrate Encompasses the Claims in the Complaint, which are Arbitrable..............................10

            3.    All of Plaintiff's Claims Should be Compelled to Arbitration ..............................11

CONCLUSION........................................................................................................................12

# **TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

*Allied-Bruce Terminix Cos. v. Dobson*,
    513 U.S. 265 (1995) ................................................................................................................6

*AT&T Mobility LLC v. Concepcion*,
    131 S. Ct. 1740 (2011) ............................................................................................................8

*Circuit City Stores, Inc. v. Adams*,
    532 U.S. 105 (2001) ......................................................................................................6, 9, 11

*DeBono v. Wash. Mut. Bank*,
    05 Civ. 10333, No. 2006 U.S. Dist. LEXIS 89283 (S.D.N.Y. Dec. 8, 2006) .........................10

*Desiderio v. NASD*,
    191 F.3d 198 (2d Cir. 1999) ..................................................................................................11

*Dubois v. Macy's East Inc.*,
    No. 06 CV 6522, 2007 U.S. Dist. LEXIS 66500 (E.D.N.Y. July 13, 2007),
    *aff'd*, 338 F. App'x 32 (2d Cir. 2009) .....................................................................................7

*Feroce v. Bloomingdale's Inc.*,
    No. 12-CV-5014, 2014 U.S. Dist. LEXIS 9119 (E.D.N.Y. Jan. 23, 2014) ............................10

*Fletcher v. Kidder, Peabody & Co.*,
    81 N.Y.2d 623, *cert. denied*, 510 U.S. 993 (1993) .................................................................7

*Genesco, Inc. v. T. Kakiuchi & Co.*,
    815 F.2d 840 (2d Cir. 1987) ....................................................................................................9

*Gold v. Deutsche Aktiengesellschaft*,
    365 F.3d 144 (2d Cir. 2004) ......................................................................................8, 10, 11

*Graphic Scanning Corp. v. Yampol*,
    850 F.2d 131 (2d Cir. 1988) ....................................................................................................6

*Guyden v. Aetna, Inc.*,
    544 F.3d 376, 382 (2d Cir. 2008) ............................................................................................9

*Johnson v. Tishman Speyer Props., L.P.*,
    No. 09 Civ. 1959, 2009 U.S. Dist. LEXIS 96464 (S.D.N.Y. Oct. 16, 2009) .........................12

*Masthead MAC Drilling Corp. v. Fleck*,
    549 F. Supp. 854 (S.D.N.Y. 1982) .........................................................................................7

*Mitsubishi Motors Corp. v. Soler Chrysler Plymouth, Inc.*,
    473 U.S. 614 (1985) .................................................................................................7, 8, 9

*Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*,
    460 U.S. 1 (1983) ....................................................................................................7, 8, 11

*Nicosia v. Amazon.com, Inc.*,
    834 F.2d 220 (2d Cir. 2016) ................................................................................................8

*Nunez v. Citibank, N.A.*,
    No. 08 Civ. 5398, 2009 U.S. Dist. LEXIS 7783 (S.D.N.Y. Feb. 3, 2009) ................7, 9, 10, 11

*Oldroyd v. Elmira Sav. Bank*,
    134 F.3d 72, 76 (2d Cir. 1998) ............................................................................................9

*Perry v. N.Y. Law Sch. & Collegis, Inc.*,
    No. 03 Civ. 9221, 2004 U.S. Dist. LEXIS 14516 (S.D.N.Y. July 27, 2004) .........................12

*Prima Paint Corp. v. Flood & Conklin Mfg. Co.*,
    388 U.S. 395 (1967) ............................................................................................................6

*Reynolds v. de Silva*,
    No. 09 Civ. 9218, 2010 U.S. Dist. LEXIS 18040 (S.D.N.Y. Feb. 24, 2010) .........................12

*Roby v. Corp. of Lloyd's*,
    996 F.2d 1353 (2d Cir. 1993) ..............................................................................................9

*Rubin v. Sona Int'l Corp.*,
    No. 05 Civ. 6305, 2006 U.S. Dist. LEXIS 8379 (S.D.N.Y. Mar. 2, 2006) ............................12

*Schnabel v. Trilegiant Corp.*,
    697 F.3d 110, 118 (2d Cir. 2012) ........................................................................................8

*Sinnett v. Friendly Ice Cream Corp.*,
    319 F. Supp. 2d 439 (S.D.N.Y. 2004) ................................................................................12

*Tarulli v. Circuit City Stores, Inc.*,
    333 F. Supp. 2d 151 (S.D.N.Y. 2004) ................................................................................10

*Xie v. The JPMorgan Chase Short-Term Disability Plan*,
    No. 15-cv-04546, 2017 U.S. Dist. LEXIS 87493 (S.D.N.Y. June 7, 2017) ............................6

**STATUTES & OTHER AUTHORITIES**

9 U.S.C. § 2 .................................................................................................................................9

9 U.S.C. § 1 et seq ......................................................................................................................6

9 U.S.C. § 3 ........................................................................................................................1

9 U.S.C. § 4 ....................................................................................................................1, 8

Americans With Disabilities Act ........................................................................................3

Age Discrimination in Employment Act ............................................................................3

Civil Rights Act of 1964 Title VII ............................................................................2, 3, 11

Genetic Information Non-Discrimination Act ....................................................................3

Electronic Signatures and Records Act...............................................................................3

Employee Retirement Income Security Act .......................................................................3

FAA............................................................................................................................ passim

Family Medical Leave Act..................................................................................................3

Fair Labor Standards Act ....................................................................................................3

New York City Human Rights Law....................................................................................4

New York State Human Rights Law ..................................................................................4

N.Y. Comp. Codes R. & Regs. tit. 9, § 540.1 .....................................................................3

**PRELIMINARY STATEMENT**

Defendant, Macquarie Capital (USA) Inc. (incorrectly referred to in the Complaint as "Macquarie Capital (U.S.A.) Inc."), respectfully moves this Court for an Order pursuant to Federal Rules of Civil Procedure ("FRCP") 12(b)(1) and 12(b)(6) and the Federal Arbitration Act, 9 U.S.C. §§ 3, 4: (i) dismissing this action because all claims contained in the Complaint are subject to confidential arbitration under a valid arbitration agreement; and (ii) compelling Plaintiff Khristina McLaughlin ("McLaughlin" or "Plaintiff") to arbitrate the claims asserted in her Complaint pursuant to the arbitration agreement annexed to her employment agreement.[1]

McLaughlin filed the instant action contrary to an express contract, in which she agreed to arbitrate all disputes with Macquarie on a strictly confidential basis. Indeed, it appears that this action was filed solely to garner publicity, with the understanding that the public lawsuit would ultimately be dismissed in favor of confidential arbitration. McLaughlin, a current employee of Macquarie Holdings (U.S.A.) Inc., (the parent of Macquarie Capital (USA) Inc.) entered into an employment agreement (the "Agreement") at the time of her hire in which she expressly agreed to arbitrate "any controversy or claim arising out of or relating to [her] employment relationship with Macquarie, the terms and conditions of [her] employment or the termination thereof." (Agreement, annexed to the Declaration of Gary Weidy ("Weidy Decl.") as Exhibit ("Ex.") A, at 8). Moreover, McLaughlin agreed to the condition that any such arbitration be "strictly confidential." (Weidy Decl., Ex. A, at Annex A, p. 12). McLaughlin further acknowledged in the Agreement that claims covered by the Agreement include "claims for discrimination…based

---

[1] Though Plaintiff asserts in her Amended Complaint that Macquarie misrepresented its intent to imminently file the instant motion (Am. Compl. ¶347), Macquarie's motion is timely – Macquarie has not yet been served with a summons or the complaint. However, Macquarie has decided to waive any 12(b)(4) or (5) defense in the interest of expediting the resolution of the instant motion. Moreover, Macquarie has been, over a period of weeks, engaged in discussions with Plaintiff and court personnel regarding the issue of sealing, culminating in the issuance of a December 11, 2017 order by the Court.

on sex…and/or claims for violation of any federal state or other governmental law, statute, regulation or ordinance including…Title VII of the Civil Rights Act of 1964." (Weidy Decl., Ex. A, at Annex A, p. 11). In disregard of her contractual obligations under the Agreement, McLaughlin filed a Complaint against Macquarie Capital (USA) Inc. in this Court, including extremely inflammatory and salacious allegations and content, and purporting to assert claims relating to her employment, including claims of sexual harassment and sex discrimination. [ECF 1] Because the claims asserted by Plaintiff are plainly within the scope of the Agreement's broad arbitration provision and its express coverage of claims for discrimination and other claims for violation of any federal, state or local statutes, Plaintiff's claims must be litigated in confidential arbitration pursuant to the Agreement. (Weidy Decl., Ex. A at Annex A).

## RELEVANT FACTS

### A. The Parties

Plaintiff's claims arise out of her employment with Macquarie Holdings (U.S.A.) Inc. Macquarie Holdings (U.S.A.) Inc. is a subsidiary of Macquarie Group Limited, a global investment banking and diversified financial services group. (Weidy Decl. at ¶3.) Macquarie Capital (USA) Inc.− an operating group of Macquarie Group Limited, and a subsidiary of Macquarie Holdings (U.S.A.) Inc.− comprises the U.S. arm of Macquarie Group's corporate advisory, equity, debt and private capital markets businesses. (Weidy Decl. at ¶2,4) It is a Delaware corporation with a principal place of business in New York, New York. (*Id.* at ¶5.) Macquarie Capital (USA) Inc. (hereinafter referred to, with Macquarie Holdings (U.S.A.) Inc., as "Macquarie") has operations across the United States. (*Id.* at ¶5.)

2

Macquarie has employed McLaughlin since February 21, 2012, in its office located at 125 W 55 Street, 22nd Floor, New York, NY, 10019. (Weidy Decl. at ¶6)

**B.     Terms of Plaintiff's Agreement to Arbitrate**

On or about May 9, 2017, at the time of her recent promotion, McLaughlin entered into an employment agreement, setting forth certain terms and conditions of her employment, to which she electronically agreed, as a precondition for receiving the promotion and corresponding raise.[2] (See Weidy Decl., Exs. A, B.) Annex A of the Agreement contains a broad Arbitration Agreement that sets forth Plaintiff's commitment to arbitrate all employment-related disputes. It states, in relevant part:

> **Arbitration Procedure**
>
> As a condition of your employment at Macquarie, you agree that any controversy or claim arising out of or relating to your employment relationship with Macquarie, the terms and conditions of your employment or the termination thereof must be submitted for final and binding resolution by a private and impartial arbitrator, to be jointly selected by you and Macquarie.
>
> **Claims Covered:** This Agreement to arbitration includes any claim that could be asserted in court or before an administrative agency or claims as to which the employee has an alleged cause of action, including without limitation claims for breach of any contract or covenant (express or implied), tort claims, claims for discrimination (including, but not limited to, discrimination based on sex, pregnancy, race, national or ethnic origin, age, religion, creed, marital status, sexual orientation, mental or physical disability or medical condition, or other characteristics protected by statute), claims for wrongful discharge, violations of confidentiality or breaches of trade secrets, and/or claims for violation of any federal state or other governmental law, statute, regulation or ordinance (including, but not limited to, the Americans With Disabilities Act, the Age Discrimination in Employment Act, the Family Medical Leave Act, the Fair Labor Standards Act, the Employee Retirement Income Security Act, Title VII of the Civil Rights Act of 1964, the Genetic Information Non-Discrimination Act and any and all claims relating to your employment and/or termination of your employment with the company whether based on state law, commonwealth law, local law, statute, regulation, ordinance or common law).

---

[2] Pursuant to the New York Electronic Signatures and Records Act ("ESRA") and its implementing regulations, "electronic signatures and records have the same force and effect as signatures and records produced by non-electronic means and should be utilized to facilitate both business in, as well as the business of, New York State." N.Y. Comp. Codes R. & Regs. tit. 9, § 540.1

3

> Disputes covered by the Procedure include all such claims whether made against Macquarie, any of its subsidiary or affiliated entities, or its individual officers, directors, or trustees thereof (in an official or personal capacity).

(Weidy Decl., Ex. A at Annex A)

McLaughlin's Macquarie employment prior to May 9, 2017 was similarly governed by an employment agreement with a nearly identical arbitration provision, requiring "strictly confidential" arbitration of all claims "arising out of or relating to [her] employment relationship with Macquarie." (Weidy Decl., Ex. C at Annex A).  McLaughlin physically executed this earlier agreement on February 6, 2012.

### C. McLaughlin's Filing of the Instant Action Contrary to the Agreement

McLaughlin filed the instant lawsuit solely to garner publicity, as it was filed with the knowledge that McLaughlin was subject to a binding, strictly confidential arbitration agreement, and that this lawsuit would ultimately be dismissed on that basis.  As discussed above, McLaughlin herself signed and electronically acknowledged agreements to arbitrate any disputes with Macquarie. In addition, in a November 1, 2017 conversation and in a letter dated November 17, 2017, Macquarie's counsel advised Plaintiff's counsel that McLaughlin is bound by the Agreement to use final and binding confidential arbitration as the exclusive forum for resolving disputes arising out of her employment.  (Chinn Decl. at ¶3, Ex. A.)  Further, Macquarie also provided Plaintiff with a copy of the Agreement.  (*Id.*)  Nonetheless, Plaintiff subsequently filed a Complaint in this Court on November 17, 2017, alleging claims of sexual harassment and sex discrimination in violation of Title VII, the New York State Human Rights Law ("NYSHRL") and the New York City Human Rights Law ("NYCHRL").  [ECF 1]   Specifically, Plaintiff claims that her supervisor coerced her into a sexual relationship that became a term and condition of her employment.  (*See id.*)  Plaintiff filed the Complaint in this action

4

notwithstanding the Agreement, which unmistakably requires her to arbitrate any dispute arising from her employment relationship in strictly confidential arbitration. (Weidy Decl., Ex. C at Annex A).

Plaintiff's counsel made it clear, in both written and verbal communications, that negative publicity was the desired goal of a public filing. (Weidy Decl., Ex. D) Indeed, he specifically referred to the public filing of a past complaint against another bank and the alleged negative impact of that filing on that bank's trading volumes. (*Id.*) Additionally, Plaintiff gave an interview to Bloomberg that was published shortly after the filing of the complaint, further evincing her true purpose of marshalling the court of public opinion against Macquarie, in blatant violation of the Agreement.[3] Upon learning of the filing of the complaint, Macquarie immediately filed a letter-motion to temporarily seal the complaint pending the resolution of the instant motion, which was granted by Judge Victor Marrero. (Chinn Decl. Exs. B and C)

On November 27, 2017 – in accordance with its rights and obligations under the Agreement – Macquarie filed (and served Plaintiff with a courtesy copy) of a Demand for Arbitration with the American Arbitration Association ("AAA") seeking a declaratory judgment that it has not committed discrimination or retaliation in violation of Title VII, the NYSHRL or the NYCHRL against McLaughlin, and additionally seeking damages stemming from McLaughlin's breach of the confidential arbitration provision of the Agreement. (Chinn Decl. at ¶7) On November 30, the AAA served McLaughlin with Macquarie's Demand for Arbitration. (Chinn Decl. at ¶8, Ex. D) On December 5, in response, Plaintiff tried to convince the AAA that the arbitration should not proceed, allegedly because this Court somehow "retains jurisdiction" over the dispute, even though Plaintiff has made no attempt whatsoever to enjoin or stay the

---

[3] https://www.bloomberg.com/news/articles/2017-11-20/macquarie-u-s-executive-departs-amid-sexual-harassment-claim.

arbitration in this Court. (Chinn Decl. at ¶8, Ex. D) The AAA found that "absent a court order staying this matter, the AAA will proceed with the administration of the arbitration." (Chinn Decl. Ex. D) There is thus a pending arbitration proceeding where McLaughlin is free to pursue her claims, in the event this Court compels her to do so.

## ARGUMENT

### I. THIS ACTION SHOULD BE DISMISSED AND PLAINTIFF SHOULD BE COMPELLED TO ARBITRATE ALL OF HER CLAIMS.

#### A. This Dispute is Governed by the Federal Arbitration Act.

The Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 et seq., applies to all contracts involving interstate commerce. The term "involving interstate commerce" is construed broadly. *Allied-Bruce Terminix Cos. v. Dobson*, 513 U.S. 265, 273-74 (1995). As the Supreme Court has held, "the control over interstate commerce . . . reaches not only the actual physical interstate shipment of goods but also contracts relating to interstate commerce." *Prima Paint Corp. v. Flood & Conklin Mfg. Co.*, 388 U.S. 395, 401 n.7 (1967). Where an employer's business is national in scope, the FAA will govern disputes about arbitrability. *See, e.g.*, *Graphic Scanning Corp. v. Yampol*, 850 F.2d 131, 133 (2d Cir. 1988) (concluding that FAA applies where employer operated in several states).

The Agreement at issue here is undoubtedly within the scope of the FAA. It cannot be disputed that Macquarie's business – providing investment services to clients across the United States – is national in scope and, thus, plainly involves interstate commerce. (Weidy Decl. at ¶¶4, 5.) Moreover, it is undisputed that Macquarie has offices all over the country. (Weidy Decl. at ¶5.)

In addition, it is well-settled that the FAA applies to employment agreements such as Plaintiff's. See *Circuit City Stores, Inc. v. Adams*, 532 U.S. 105, 123-24 (2001) (holding that

6

FAA governs arbitration clauses in employment contracts other than those for transportation workers); *Xie v. The JPMorgan Chase Short-Term Disability Plan*, No. 15-cv-04546, 2017 U.S. Dist. LEXIS 87493, at *20 (S.D.N.Y. June 7, 2017); *Nunez v. Citibank, N.A.*, No. 08 Civ. 5398, 2009 U.S. Dist. LEXIS 7783 (S.D.N.Y. Feb. 3, 2009); *Dubois v. Macy's East Inc.*, No. 06 CV 6522, 2007 U.S. Dist. LEXIS 66500 (E.D.N.Y. July 13, 2007), *aff'd*, 338 F. App'x 32 (2d Cir. 2009); *see also Fletcher v. Kidder, Peabody & Co.*, 81 N.Y.2d 623, 638, *cert. denied*, 510 U.S. 993 (1993) (holding that arbitration clause in an employment contract "is within the class of agreements that are governed by the FAA").

Further, in situations where the FAA applies, it is a basic principle that the FAA preempts state law on the subject of the enforceability of arbitration clauses. *See Mitsubishi Motors Corp. v. Soler Chrysler Plymouth, Inc.*, 473 U.S. 614, 626 (1985) (holding courts should apply federal substantive law of arbitrability to any arbitration agreement within coverage of FAA); *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983) (FAA creates a "body of federal substantive law of arbitrability"). Therefore, even though Plaintiff's Agreement provides that it be governed by the laws of the State of New York (Weidy Decl., Ex. A at p. 9), in arbitration disputes like this where the contract involves interstate commerce, federal – not state – arbitration law applies. *See Masthead MAC Drilling Corp. v. Fleck*, 549 F. Supp. 854, 856 (S.D.N.Y. 1982) ("[n]or is the applicability of the Federal Arbitration Act affected or diluted by the fact that the agreements between the parties specify that they are controlled by New York law"); *Fletcher*, 81 N.Y.2d at 630-31 ("the provisions of the FAA are controlling even though the dispute itself may arise under State law").

    **B.**    **The FAA Requires Arbitration of the Claims Asserted in Plaintiff's Complaint.**

A motion to compel arbitration is governed by Section 4 of the FAA, which provides that "[a] party aggrieved by the alleged failure, neglect or refusal of another to arbitrate under a written agreement for arbitration may petition any United States district court . . . for an order directing that such arbitration proceed in the manner provided for in such agreement." 9 U.S.C. § 4. The FAA, and the strong federal policy favoring arbitration that it embodies, requires courts to "rigorously enforce agreements to arbitrate." *Mitsubishi Motors Corp.*, 473 U.S. at 626; *see also AT&T Mobility LLC v. Concepcion*, 131 S. Ct. 1740, 1745 (2011) (*quoting Moses H. Cone Mem'l Hosp.*, 460 U.S. at 24) (discussing "liberal federal policy favoring arbitration" under FAA); *Nicosia v. Amazon.com, Inc.,* 834 F.2d 220, 229 (2d Cir. 2016)( "This policy is founded on a desire to preserve the parties' ability to agree to arbitrate, rather than litigate, disputes.")(alteration omitted)(quoting *Schnabel v. Trilegiant Corp.*, 697 F.3d 110, 118 (2d Cir. 2012)). Indeed, courts are obligated to "place arbitration agreements on an equal footing with other contracts . . . and enforce them according to their terms." *AT&T Mobility LLC*, 131 S. Ct. at 1745 (citations omitted).

When a litigant in a court proceeding refuses to arbitrate a dispute within the scope of a valid arbitration agreement, a court should compel arbitration of the dispute. *See* 9 U.S.C. § 4 (directing that the court "shall" order arbitration "upon being satisfied that the making of the agreement for arbitration or the failure to comply therewith is not in issue."); *see also Gold v. Deutsche Aktiengesellschaft,* 365 F.3d 144, 150 (2d Cir. 2004)(upholding district court grant of motion to compel arbitration, and finding that "given the very strong federal policy favoring arbitration…[plaintiff's] Title VII claims were subject to a compulsory arbitration[.]")

Further, courts should construe arbitration clauses as broadly as possible, and "any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the

8

problem at hand is the construction of the contract language itself or an allegation of waiver, delay, or a like defense to arbitrability." *Moses H. Cone Mem'l Hosp.*, 460 U.S. at 24-25.

The exacting application and broad construction of arbitration agreements dictate that, "[i]f the allegations underlying the claims 'touch matters' covered by the parties' [arbitration] agreement[s], then those claims must be arbitrated, whatever the legal labels attached to them." *Genesco Inc. v. t. Kakiuchi & Co.*, 815 F.2d 840, 846 (2d Cir. 1987).  Thus, a broad arbitration clause creates a presumption of arbitrability which can be overcome only if it "may be said with positive assurance that the arbitration clause is not susceptible to [the] interpretation that [it] covers the asserted dispute." *Nunez*, 2009 U.S. Dist. LEXIS 7783, at *8-9 (*citing Roby v. Corp. of Lloyd's*, 996 F.2d 1353, 1361 (2d Cir. 1993).

In deciding a motion to compel arbitration through the lens of the strong policy favoring arbitration, this Court must consider four factors: (i) whether the parties have agreed to arbitrate their disputes; (ii) whether the scope of that agreement encompasses the plaintiff's claims; (iii) if federal statutory claims are asserted, whether the legislature intended them to be non-arbitrable; and (iv) if the court concludes that some, but not all, of the claims in the case are arbitrable, whether to stay the balance of the proceedings pending arbitration.  *See Guyden v. Aetna, Inc.,* 544 F.3d 376, 382 (2d Cir. 2008)(citing *Oldroyd v. Elmira Sav. Bank*, 134 F.3d 72, 76 (2d Cir. 1998).  As set forth below, application of these factors clearly requires that Plaintiff's Complaint be dismissed and that she be compelled to arbitration.

> 1. **McLaughlin Entered Into a Valid and Enforceable Agreement to Arbitrate.**

The FAA provides that "a written provision in . . . a contract . . . to settle by arbitration a controversy thereafter arising out of such contract . . . shall be *valid, irrevocable, and*

*enforceable*, save upon grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2 (emphasis added); *see also Circuit City Stores, Inc*, 532 U.S. at 111-12.

Plaintiff has unquestionably entered into just such a valid, unconditional and enforceable written agreement to arbitrate the very same claims she purports to bring before this Court, as evidenced by the following provision in her Agreement:

> As a condition of your employment at Macquarie, you agree that any controversy or claim arising out of or relating to your employment relationship with Macquarie, the terms and conditions of your employment or the termination thereof must be submitted for *final and binding resolution* by a private and impartial arbitrator.

(Weidy Decl., Ex. A at Annex A, p. 11) (emphasis added).

Moreover in the "Acceptance" provision of the Agreement, which Plaintiff read before selecting 'accept' in an online portal, the Agreement states, "I understand, and by selecting the 'accept' button on the portal, acknowledge and accept the terms of my employment as set out in this Agreement **and the Arbitration Agreement**." (Weidy Decl., Ex. A at p. 10) (emphasis added)  No question exists under these circumstances that arbitration is warranted. *See Gold v. Deutsche Aktiengesellschaft*, 365 F.3d 144, 148 (2d Cir. 2004); *Feroce v. Bloomingdale's Inc.*, No. 12-CV-5014, 2014 U.S. Dist. LEXIS 9119, at *18-19 (E.D.N.Y. Jan. 23, 2014); *Nunez*, 2009 U.S. Dist. LEXIS 7783, at *8-9; *DeBono v. Wash. Mut. Bank*, 05 Civ. 10333, No. 2006 U.S. Dist. LEXIS 89283 (S.D.N.Y. Dec. 8, 2006); *Tarulli v. Circuit City Stores, Inc.*, 333 F. Supp. 2d 151, 158 (S.D.N.Y. 2004) (compelling arbitration where "[t]he Plaintiff voluntarily signed the [arbitration] Agreement and knowingly accepted employment with the Defendant on the express condition that employment-related disputes would be settled through arbitration").

> 2. **McLaughlin's Agreement to Arbitrate Encompasses the Claims in the Complaint, which are Arbitrable.**

The claims in the Complaint are clearly within the scope of the Agreement's arbitration clause and the mandate of the FAA.  Here, the arbitration clause in Plaintiff's Agreement provides for "final and binding resolution" in arbitration of "any controversy or claim arising out of or relating to [the] employment relationship with Macquarie, the terms and conditions of your employment or the termination thereof," which specifically includes "claims for discrimination…based on sex…and/or claims for violation of any federal state or other governmental law, statute, regulation or ordinance including…Title VII of the Civil Rights Act of 1964."  (Weidy Decl. Ex. A at Annex A, p. 11).  It is beyond dispute that the gravamen of Plaintiff's Complaint here – sexual harassment and sex discrimination – expressly falls within the scope of this arbitration clause.

Even assuming, however, that the arbitration provision was ambiguous in scope (which it is not), any doubt as to the arbitrability of a claim should be resolved in favor of arbitrability. *Moses H. Cone Mem'l Hosp.*, 460 U.S. at 24-25 (holding arbitration must be ordered "unless it may be said with *positive assurance* that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute") (emphasis added).

In addition, there is nothing in the language or history of the relevant federal statute (*i.e.*, Title VII) to indicate a congressional intent to foreclose arbitration of gender discrimination claims.  *See Circuit City Stores, Inc.*, 532 U.S. at 123 ("The Court has been quite specific in holding that arbitration agreements can be enforced under the FAA without contravening the policies of congressional enactments giving employees specific protection against discrimination prohibited by federal law[.]").  Indeed, the courts routinely hold that statutory employment discrimination claims are arbitrable and may be compelled to arbitration.  *See*, *e.g.*, *Gold*, 365

11

F.3d at 148 (Title VII); *Desiderio v. NASD*, 191 F.3d 198, 206 (2d Cir. 1999) (same); *Nunez*, 2009 U.S. Dist. LEXIS 7783 (same).

### 3. All of Plaintiff's Claims Should be Compelled to Arbitration.

Because all of Plaintiff's claims fall within the scope of the arbitration provision contained in her Agreement, this Court should have no further role in this matter, beyond deciding the instant motion. As noted in many decisions, there is simply no useful purpose in staying – as opposed to dismissing – when all of the claims asserted are subject to arbitration. *See Reynolds v. de Silva*, No. 09 Civ. 9218, 2010 U.S. Dist. LEXIS 18040, at *23 (S.D.N.Y. Feb. 24, 2010) (referring all of plaintiff's claims to arbitration as staying the action would be an inefficient use of court's docket); *Johnson v. Tishman Speyer Props., L.P.*, No. 09 Civ. 1959, 2009 U.S. Dist. LEXIS 96464, at *9 (S.D.N.Y. Oct. 16, 2009) ("[C]ourts have the discretion to dismiss – rather than stay – an action when all of the issues in it must be arbitrated."); *Rubin v. Sona Int'l Corp.*, No. 05 Civ. 6305, 2006 U.S. Dist. LEXIS 8379, at *18 (S.D.N.Y. Mar. 2, 2006) (holding that "[w]here all of the issues raised in the Complaint must be submitted to arbitration . . . dismissal is appropriate"); *Sinnett v. Friendly Ice Cream Corp.*, 319 F. Supp. 2d 439, 445 (S.D.N.Y. 2004) (where all of plaintiff's claims were arbitrable, concluding to dismiss the complaint rather than stay litigation); *Perry v. N.Y. Law Sch. & Collegis, Inc.*, No. 03 Civ. 9221, 2004 U.S. Dist. LEXIS 14516, at *14-15 (S.D.N.Y. July 27, 2004) ("[b]ecause all of plaintiff's claims are subject to arbitration, no useful purpose will be served by granting a stay of plaintiff's claims against Collegis and thus its action against the defendant is dismissed"). Macquarie has initiated arbitration proceedings before the AAA to adjudicate the claims Plaintiff has asserted in the Complaint, and, though Plaintiff refuses to participate in the process, the AAA is proceeding

with the administration of the case.  This Court should therefore dismiss this action and compel that these claims be heard before the AAA.  (Chinn Decl. at ¶7, Ex. D)

## CONCLUSION

For the foregoing reasons, Defendant is entitled to an Order dismissing the Complaint, compelling arbitration, and all other relief that the Court may deem just and proper.

Dated: New York, New York
       December 22, 2017

                            PROSKAUER ROSE LLP

                    By:    */s/ Lloyd B. Chinn*

                            Lloyd B. Chinn, Esq.
                            Jenna L. Hayes, Esq.
                            11 Times Square
                            New York, New York 10036-8299
                            Ph. (212) 969-3000
                            Fax (212) 969-2900
                            lchinn@proskauer.com
                            jhayes@proskauer.com
                            *Attorneys for Defendant Macquarie Capital (USA) Inc.*