UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
KHRISTINA MCLAUGHLIN,                          :
                                               :
                    Plaintiff,                 :
                                               :
        -against-                              :        Case No. 1:17-cv-09023-RA
                                               :
                                               :
MACQUARIE CAPITAL (U.S.A.) INC., and           :
ROBERT ANSELL                                  :
                                               :
                    Defendants.                :
                                               :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X


**REPLY MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT MACQUARIE CAPITAL (USA) INC.'s MOTION TO COMPEL ARBITRATION**

## <u>**TABLE OF CONTENTS**</u>

**Page**

TABLE OF AUTHORITIES ...................................................................................................ii

PRELIMINARY STATEMENT ...........................................................................................1

I.    Plaintiff Requests That This Court Change, Rather Than Apply, Applicable Law ...................2

     A.    Plaintiff's Arguments Ignore the Federal Arbitration Act and the National Policy Favoring Arbitration ...................................................................................2

     B.    This Circuit Has Consistently Enforced Agreements to Arbitrate Discrimination Claims ...................................................................................4

CONCLUSION.........................................................................................................................7

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

CASES

*Aerotel, Ltd. v. RSL Commc'ns, Ltd.*,
99 F. Supp. 2d 368 (S.D.N.Y. 2000) ........................................................................2

*Alvarez v. Nat'l Debt Relief, LLC*,
No. 16 Civ. 4156 (CM), 2017 U.S. Dist. LEXIS 102454 (S.D.N.Y. June 23,
2017) ........................................................................................................................6

*Arciniaga v. Gen. Motors Corp.*,
460 F.3d 231 (2d Cir. 2006) ....................................................................................2

*Buckeye Check Cashing, Inc. v. Cardegna*,
546 U.S. 440 (2006) .................................................................................................2

*DeGaetano v. Smith Barney, Inc.*,
No. 95 CIV 1613 (DLC), 1996 U.S. Dist. LEXIS 1140 (S.D.N.Y. Feb. 5,
1996) ........................................................................................................................4

*In re Methyl Tertiary Butyl Ether("MTBE") Prods. Liab. Litig.*,
438 F. Supp. 2d 291 (S.D.N.Y. 2006) .....................................................................4

*McCoy v. Dave & Buster's, Inc.*,
No. 15-CV-0465 (JFB) (AYS), 2018 U.S. Dist. LEXIS 16655 (E.D.N.Y. Jan.
24, 2018) ..................................................................................................................4

*Moise v. Family Dollar Stores of New York, Inc.*,
No. 16-CV-6314, 2017 WL 2378193 (S.D.N.Y. June 1, 2017) ..............................6

*Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*,
460 U.S. 1 (1983) .....................................................................................................2

*Moton v. Maplebear Inc.*,
No. 15 Civ. 8879 (CM), 2016 U.S. Dist. LEXIS 17643 (S.D.N.Y. Feb. 9,
2016) ........................................................................................................................6

*Nicosia v. Amazon.com, Inc.*,
834 F.3d 220 (2d Cir. 2016) ....................................................................................2

*Parisi v. Goldman, Sachs & Co.*,
710 F.3d 483 (2d Cir. 2013 ......................................................................................4

*Sutherland v. Ernst & Young LLP*,
726 F.3d 290 (2d Cir. 2013) .....................................................................................5

*Zhu v. Hakkasan NYC LLC*,
   No. 16 Civ. 5589 (KFP), 2017 U.S. Dist. LEXIS 195158 (S.D.N.Y. Nov. 28,
   2017) ..........................................................................................................................5

STATUTES

29 U.S.C. § 216(c) ..........................................................................................................5

Fair Labor Standards Act ...............................................................................................2

Federal Arbitration Act, 9 U.S.C. § 1 ...........................................................................1

## PRELIMINARY STATEMENT

Plaintiff Khristina McLaughlin's ("McLaughlin") opposition brief makes plain that she has no legal basis whatsoever to maintain this action before this Court.  She does not for a moment dispute that she entered into an arbitration agreement (the "Arbitration Agreement") requiring her to arbitrate in strict confidence the very claims she has advanced publicly against Macquarie Capital (USA) Inc. ("Macquarie"). Instead, Plaintiff asserts that the Arbitration Agreement is unenforceable based on an ill-defined asserted "public policy" that is entirely inconsistent with the well-established public policy favoring arbitration embodied in the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1, and recognized by decades of Supreme Court and Second Circuit precedent. Indeed, in a stark admission that the law is solidly against her position, Plaintiff refers to proposed legislation that purports to ban prospectively arbitration agreements in sex discrimination and harassment cases. In an attempt to link her claims to those against various celebrities accused of serial unwelcome sexual harassment,[1] she ignores all of the evidence (especially the materials recently retrieved from her own mobile phone) that demonstrates conclusively that she was in no way a victim.  She cannot honestly compare her consensual workplace relationship to these situations.  Even if she could, such a comparison ultimately has no bearing at all on the outcome of this motion.

---

[1] For example, Plaintiff states:

> With Weinstein being just one of hundreds of thousands of "bosses," as the Co-Defendant Robert Ansell in this case is, it is easy to see the direct dangers of allowing cases involving sexual harassment or other workplace wrongdoing to remain confidential under the guise of arbitrations that are supposedly "consented to" and not "coerced." (Pl. Memo, 9)

We note that in a telephonic conference on December 21, 2017, the Court instructed Plaintiff to submit her opposition to Macquarie in advance of filing, and to discuss with Macquarie any materials that should be redacted. Plaintiff ignored this procedure and filed her opposition brief without any consultation. While it is unclear whether the Court would have permitted the redaction of this passage (and others comparing this case to those asserted against Harvey Weinstein), the fact that this comparison has been made public requires at least some general response by Macquarie. In so doing, Macquarie is not waiving its position that sensitive matters relating to this dispute should not be public.

I.      **Plaintiff Requests That This Court Change, Rather Than Apply, Applicable Law.**

      Acknowledging that she has no basis whatsoever for bringing her claims in this Court, Plaintiff devotes nearly her entire opposition to advocating for a change in the law governing arbitration.  She contends that the Arbitration Agreement is "unenforceable as a matter of public policy" based on, among other things, inapplicable citations to cases interpreting the Fair Labor Standards Act (the "FLSA"), references to news publications and social media trends, and to a statement of an individual member of Congress. (Pl. Memo, 3)  In so doing, Plaintiff makes plain that she is asking this Court to ignore the applicable law.

      A.      Plaintiff's Arguments Ignore the Federal Arbitration Act and the National Policy Favoring Arbitration.

      As Plaintiff acknowledges, courts in this and other circuits have recognized a "strong federal policy in favor of arbitration." (Pl. Memo, 3); *Arciniaga v. Gen. Motors Corp.*, 460 F.3d 231, 234 (2d Cir. 2006). "Federal law and policy strongly favor arbitration as a means of alternative dispute resolution."  *Aerotel, Ltd. v. RSL Commc'ns, Ltd.*, 99 F. Supp. 2d 368, 372 (S.D.N.Y. 2000).  *See also Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24-25 (1983).  The FAA "embodies the national policy favoring arbitration and places arbitration agreements on equal footing with all other contracts." *Buckeye Check Cashing, Inc. v. Cardegna*, 546 U.S. 440, 443 (2006). "This policy is founded on a desire to preserve the parties' ability to agree to arbitrate, rather than litigate, disputes."  *Nicosia v. Amazon.com, Inc.,* 834 F.3d 220, 229 (2d Cir. 2016) (alteration omitted) (quoting *Schnabel v. Trilegiant Corp.,* 697 F.3d 110, 118 (2d Cir. 2012)).

      Hoping that this court will ignore the longstanding federal policy in favor of arbitration, as established by Congress and reinforced by the Supreme Court and the Second Circuit,

Plaintiff cites to various non-legal sources in advancing her argument that agreements to arbitrate discrimination claims are, in general, void as counter to public policy.  (Pl. Memo 7-12)  Plaintiff relies on, *inter alia*, excerpts of a speech made by a member of Congress, a New York Times article, and a general discussion of a group of sex harassment cases brought against the Hollywood Producer Harvey Weinstein.  *Id.*

 Aside from Plaintiff's failure to advance any apposite legal argument, her reference to the allegations against Harvey Weinstein in particular is an exercise in overstatement. The facts revealed thus far in the present matter distinguish it dramatically from the allegations leveled against Weinstein. A consensual relationship with a work colleague is not even actionable sexual harassment, much less does it rival the press reports regarding Weinstein's alleged serial misconduct against numerous women over a period of decades. This sort of overstatement fits a pattern. Newly available evidence has revealed that certain of Plaintiff's allegations in her briefly-public complaint were based on what can only have been deliberate misrepresentations and omissions.  For example, Paragraph 196 of the Amended Complaint purports to quote a text message from Plaintiff responding to a message from Mr. Ansell (set forth in Paragraph 195), but selectively omits a portion of Plaintiff's response in a fashion that alters completely the meaning of her response and the significance of the exchange. [2]  (Am. Compl. ¶¶195 – 196)

 Plaintiff also relies on a nascent piece of federal legislation that would render unenforceable predispute arbitration agreements of sex discrimination or harassment. (Pl. Memo, 11-12) Proposed legislation that has not advanced through either House of Congress cannot purport to represent Congressional intent, especially when the opposing view in favor of

---

[2] Plaintiff also asserts in her opposition that she is "being blamed and ostracized by coworkers" because of her legal action. (Pl. Memo, 9). Macquarie denies any mistreatment of Plaintiff by her co-workers and also notes that the only reason Plaintiff's coworkers are even aware of her legal claims is because she filed them publicly before this Court, instead of in the mandatory confidential arbitration forum that was available to her.

arbitration has been so clearly articulated in existing legislation.  *In re Methyl Tertiary Butyl Ether("MTBE") Prods. Liab. Litig.*, 438 F. Supp. 2d 291, 303 (S.D.N.Y. 2006)(noting that a proposed bill remaining in committee "cannot be considered evidence of legislative intent.") Moreover, if anything, the fact that legislation has been proposed to outlaw prospectively arbitration agreements in the sexual harassment context implies that existing law is currently firmly settled to the contrary.

As set forth in Defendant's moving papers, the Arbitration Agreement falls squarely within the types of agreements promoted and protected by the FAA.  As a matter of policy and contract, this Court must enforce its provisions.

B.    This Circuit Has Consistently Enforced Agreements to Arbitrate Discrimination Claims.

Plaintiff's suggestion that the Second Circuit has backed away from enforcing confidential arbitration agreements in the employment setting has no basis whatsoever.

First, the well-established law in this circuit is that arbitration of discrimination claims is permissible, and is not counter to public policy.  *Parisi v. Goldman, Sachs & Co.*, 710 F.3d 483, 487 (2d Cir. 2013)("Congress specifically approved arbitration of Title VII claims in the Civil Rights Act of 1991, expressly stating that the use of alternative means of dispute resolution, including . . . arbitration, is encouraged to resolve disputes arising under the Acts or provisions of Federal law amended by this title."); *DeGaetano v. Smith Barney, Inc.*, No. 95 CIV 1613 (DLC), 1996 U.S. Dist. LEXIS 1140, at *19 (S.D.N.Y. Feb. 5,  1996)(noting that "the Supreme Court recognized that arbitration, like judicial proceedings, 'can further broader social purposes,'" and therefore holding that "there is no inherent conflict between arbitration of plaintiff's complaint…and Title VII's underlying purposes."); *McCoy v. Dave & Buster's, Inc.*,

4

No. 15-CV-0465 (JFB) (AYS), 2018 U.S. Dist. LEXIS 16655, at *14 (E.D.N.Y. Jan. 24,

2018)("It is well settled that Title VII claims can be the subject of an arbitration agreement,

including a pre-dispute compulsory arbitration agreement—an agreement where employees are

required to arbitrate employment-related disputes as a condition of employment—like the one at

issue here.").

Second, Plaintiff has cited no case invalidating a confidential arbitration provision under

Title VII or any analogous state or local laws, and Macquarie is unaware of any. Indeed, a recent

decision from this court expressly rejected a challenge to an arbitration clause due to its

confidentiality provision. *Zhu v. Hakkasan NYC LLC*, No. 16 Civ. 5589 (KFP), 2017 U.S. Dist.

LEXIS 195158, at *33-34 (S.D.N.Y. Nov. 28, 2017)(finding that confidentiality provision in

arbitration agreement was not substantively unconscionable and compelling plaintiff's Title VII,

NYSHRL and NYCHRL claims into arbitration).

Third, to support her argument, Plaintiff relies only on an inapposite body of FLSA cases

that do not address arbitration at all.  These cases simply stand for the proposition that stipulated

dismissals settling FLSA claims with prejudice require the approval of a district court or the

Department of Labor to take effect.  (Pl.  Memo 6-7).  Plaintiff's claims arise under Title VII and

related state and local discrimination statutes, not the FLSA. The FLSA, by statute, grants the

Department of Labor a very specific role in the supervision of FLSA settlements (29 U.S.C. §

216(c)), which, in turn, arguably supports the conclusion that such settlements cannot be

confidential. But even as to FLSA claims, courts in this Circuit have consistently held that FLSA

claims are arbitrable, including in confidential arbitration. *See, e.g., Sutherland v. Ernst & Young

LLP,* 726 F.3d 290, 297 (2d Cir. 2013)("[T]he FLSA does not include a contrary congressional

command that prevents the underlying arbitration agreement from being enforced by its terms.");

5

*see also Alvarez v. Nat'l Debt Relief, LLC*, No. 16 Civ. 4156 (CM), 2017 U.S. Dist. LEXIS 102454, at *7 (S.D.N.Y. June 23,  2017) ("Courts in this District have repeatedly found both FLSA and NYLL claims to be arbitrable."); *Moton v. Maplebear Inc.,* No. 15 Civ. 8879 (CM), 2016 U.S. Dist. LEXIS 17643, at *25 (S.D.N.Y. Feb. 9, 2016)(holding agreement to arbitrate FLSA claims in confidential arbitration valid, and noting that *Cheeks* and its progeny  "involve the question of whether the parties may keep *settlement* of their FLSA claims confidential, not whether FLSA arbitration proceedings must be conducted in a court[.]"); *Moise v. Family Dollar Stores of New York, Inc.,* No. 16-CV-6314, 2017 WL 2378193 (S.D.N.Y. June 1, 2017)(granting defendant's motion to compel arbitration of FLSA and NYLL claims).  Thus, the FLSA cases relied upon by Plaintiff would not support the position she is taking here, even if this were an FLSA case.

## **CONCLUSION**

For the foregoing reasons, and for the reasons set forth in Defendant's moving papers, Defendant is entitled to an Order dismissing the Complaint, compelling arbitration, and all other relief that the Court may deem just and proper.

Dated: New York, New York
       February 7, 2018

PROSKAUER ROSE LLP

By:    */s/ Lloyd B. Chinn*

       Lloyd B. Chinn, Esq.
       Jenna L. Hayes, Esq.
       11 Times Square
       New York, New York 10036-8299
       Ph. (212) 969-3000
       Fax (212) 969-2900
       lchinn@proskauer.com
       jhayes@proskauer.com
       *Attorneys for Defendant Macquarie Capital (USA)*
       *Inc.*

7