Law Offices of
**MORGAN, LEWIS & BOCKIUS LLP**
101 Park Avenue
New York, New York 10178
(212) 309-6000
*Attorneys for Defendant Robert Ansell*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KHRISTINA MCLAUGHLIN,<br><br>                          Plaintiff,<br><br>      vs.<br><br>MACQUARIE CAPITAL (USA) INC. and<br>ROBERT ANSELL,<br><br>                       Defendants. | Civil Action No.  1:17-cv-09023-RA |

**DEFENDANT ROBERT ANSELL'S MEMORANDUM OF LAW IN SUPPORT OF
JOINDER TO DEFENDANT MACQUARIE CAPITAL (USA) INC.'S MOTION TO
COMPEL ARBITRATION, OR, IN THE ALTERNATIVE, PARTIAL MOTION TO
<u>DISMISS THE COMPLAINT</u>**

MORGAN, LEWIS & BOCKIUS LLP
Christopher A. Parlo

101 Park Avenue
New York, NY 10178
Tel.: (212) 309-6000
Fax: (212) 309-6001

*Attorneys for Defendant Robert Ansell*

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ...............................................................................1

ARGUMENT ........................................................................................................3

I.     THIS COURT SHOULD COMPEL ARBITRATION IN ACCORDANCE
       WITH THE TERMS OF THE AGREEMENT AND ARBITRATION
       PROVISION ............................................................................................3

       A.     Federal Law Requires That Arbitration Provisions Be Enforced. .............3

       B.     The Explicit Terms of the Agreement Encompass All Claims
              McLaughlin Alleges in this Action, Including those Against
              Ansell. ..........................................................................................4

       C.     Longstanding Principles of Estoppel and Agency Law Permit
              Ansell to Invoke the Arbitration Clause. ..........................................5

              1.     McLaughlin's Claims Against Ansell and Macquarie Are
                     Factually Intertwined. ...........................................................6

              2.     Ansell and Macquarie are "Closely Related." ...........................7

              3.     Judicial Efficiency Requires the Enforcement of the
                     Agreement by Ansell. .............................................................8

II.    IN THE ALTERNATIVE, IF THIS ACTION IS NOT COMPELLED TO
       ARBITRATION, ANSELL'S PARTIAL MOTION TO DISMISS THE
       COMPLAINT SHOULD BE GRANTED ...........................................................9

       A.     The First and Fourth Causes of Action Must Be Dismissed as a
              Matter of Law Because Ansell is Not Subject to Individual
              Liability Under Title VII. ......................................................................10

       B.     The Fifth and Sixth Causes of Action Must Be Dismissed Because
              McLaughlin Fails to State a Claim for Retaliation. ..............................10

              1.     McLaughlin Did Not Engage in Protected Activity As to
                     Ansell. ...................................................................................11

              2.     McLaughlin Did Not Suffer any Adverse Employment
                     Action. ...................................................................................11

       C.     The Seventh and Eighth Causes of Action Must Be Dismissed as a
              Matter of Law Because Ansell Cannot Aid and Abet His Own
              Alleged Conduct. ................................................................................13

CONCLUSION ....................................................................................................14

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Am. Express Co. v. Italian Colors Rest.*,
 133 S. Ct. 2304 (2013) .........................................................................................3

*Arrigo v. Blue Fish Commodities, Inc.*,
 704 F. Supp. 2d 299 (S.D.N.Y. 2010) ...................................................................7

*Ashcroft v. Iqbal*,
 556 U.S. 662 (2009) .............................................................................................9

*Astra Oil Co. v. Rover Navigation, Ltd.*,
 344 F.3d 276 (2d Cir. 2003) .................................................................................6

*AT & T Mobility LLC v. Concepcion*,
 563 U.S. 333 (2011) .............................................................................................3

*AT & T Technologies, Inc. v. Communications Workers of America*,
 475 U.S. 643 (1986) .............................................................................................3

*Bell Atl. Corp. v. Twombly*,
 550 U.S. 544 (2007) .............................................................................................9

*Breckenridge Edison Dev., L.C. v. Sheraton Operating Corp.*,
 No. 13-6804, 2014 WL 4802885 (S.D.N.Y. Sept. 18, 2014) .................................4

*Brener v. Becker Paribas, Inc.*,
 628 F. Supp. 442 (S.D.N.Y. 1985) .......................................................................7

*Campaniello Imps., Ltd. v. Saporiti Italia S.p.A.*,
 117 F.3d 655 (2d Cir. 1997) ..............................................................................6, 7

*Choctaw Generation Limited Partnership v. American Home Assurance Co.*,
 271 F.3d 403 (2d Cir. 2001) .................................................................................6

*Collins & Aikman Prods. Co. v. Bldg. Sys., Inc.*,
 58 F.3d 16 (2d Cir. 1995) .....................................................................................4

*Contec Corp. v. Remote Solution Co.*,
 398 F.3d 205 (2d Cir. 2005) .................................................................................6

*Dean Witter Reynolds, Inc. v. Byrd*,
 470 U.S. 213 (1985) .............................................................................................4

*Degraw Constr. Group, Inc. v McGowan Bldrs., Inc.*,
  152 A.D.3d 567 (2d Dep't 2017)............................................................................8

*Genesco, Inc. v. T. Kakiuchi & Co.*,
  815 F.2d 840 (2d Cir. 1987) ...................................................................................4

*Hardwick v. Auriemma*,
  116 A.D.3d 465 ( 1st Dep't 2014) ........................................................................13

*Hirschfeld Prods. v Mirvish*,
  218 A.D.2d 567 (1st Dep't 1995), *aff'd*, 88 N.Y.2d 1054 (1996)...........................8

*Huntsman Int'l, LLC v Albemarle Corp.*,
  2018 NY Slip Op. 30014[U] (Sup. Ct, N.Y. Cty. 2018) .......................................8

*Joseph v. Leavitt*,
  465 F.3d 87 (2d Cir. 2006) ...................................................................................12

*Med. Exp. Ambulance Corp. v. Kirkland*,
  79 A.D.3d 886 (2d Dep't 2010)............................................................................13

*Mormol v. Costco Wholesale Corp.*,
  364 F.3d 54 (2d Cir. 2004) ...................................................................................10

*Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*,
  460 U.S. 1 (1983) ....................................................................................................3

*Nardi v Povich*,
  12 Misc. 3d 1188[A], 824 N.Y.S.2d 764, 2006 NY Slip Op. 51487[U] (Sup.
  Ct, N.Y. Cty. 2006) ................................................................................................8

*Neitzke v. Williams*,
  490 U.S. 319 (1989) ................................................................................................9

*Ochei v. Coler/Goldwater Memorial Hosp.*,
  450 F. Supp. 2d 275 (S.D.N.Y. 2006) .................................................................11

*Patterson v. Cty. of Oneida*,
  375 F.3d 206 (2d Cir. 2004) .................................................................................10

*Ragone v. Atl. Video at Manhattan Ctr.*,
  595 F.3d 115 (2d Cir. 2010) ...............................................................................5, 6

*Reed v. A.W. Lawrence & Co.*,
  95 F.3d 1170 (2d Cir. 1996) .................................................................................11

*Rent–A–Center, West, Inc. v. Jackson*,
  561 U.S. 63 (2010) ..................................................................................................3

*Rivera v. Rochester Genesee Reg'l Transp. Auth.*,
  743 F.3d 11 (2d Cir. 2014) ................................................................................. 10

*Roby v. Corp. of Lloyd's*,
  996 F.2d 1353 (2d Cir. 1993) .......................................................................... 6, 7

*Ross v. American Express Co.*,
  478 F.3d 96 (2d Cir. 2007) ................................................................................. 6

*Scher v. Bear Stearns & Co.*,
  723 F. Supp. 211 (S.D.N.Y. 1989) ...................................................................... 7

*Soloviev v. Goldstein*,
  104 F. Supp. 3d 232, 253 (E.D.N.Y. 2015) ....................................................... 13

*United Steelworkers of America v. Warrior & Gulf Navigation Co.*,
  363 U.S. 574 (1960) ............................................................................................ 3

*Ya-Chen Chen v. City Univ. of New York*,
  805 F.3d 59 (2d Cir. 2015) ............................................................................... 10

*Zaken v. Jenny Craig, Inc.*,
  No. 11-CV-02465, 2011 WL 4916928 (E.D.N.Y. Oct. 13, 2011) ........................ 4

**Statutes**

Federal Arbitration Act .................................................................................... 3, 4

NYCHRL .......................................................................................... 2, 3, 10, 13

NYSHRL ........................................................................................... 2, 3, 10, 13

**Other Authorities**

Federal Rules of Civil Procedure Rule 12(b)(6) ......................................... 1, 2, 9, 14

Defendant Robert Ansell ("Ansell"), by and through his attorneys Morgan, Lewis & Bockius LLP, submit this Memorandum of Law in Support of Ansell's joinder of Defendant Macquarie Capital (USA) Inc.'s motion to compel Plaintiff Khristina McLaughlin ("McLaughlin" or "Plaintiff") to arbitrate the claims asserted in her Complaint ("Motion to Compel").  ECF Dkt. No. 16.  In the alternative, should Plaintiff not be compelled to arbitrate her claims against Ansell, Plaintiff's First, Fourth, Fifth, Sixth, Seventh and Eighth Causes of Action should be dismissed, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P."), for failure to state a claim upon which relief can be granted.  Accordingly, if this matter is not compelled to arbitration, Ansell's alternative Partial Motion to Dismiss the Complaint should be granted.

## PRELIMINARY STATEMENT

In May 2017, McLaughlin entered into an employment agreement (the "Agreement") with Macquarie Capital (USA) Inc. ("Macquarie") that contained an arbitration provision. McLaughlin's Agreement provides the following:

> As a condition of your employment at Macquarie, you agree that any controversy or claim arising out of or relating to your employment relationship with Macquarie, the terms and conditions of your employment or the termination thereof must be submitted for final and binding resolution by a private and impartial arbitrator, to be jointly selected by you and Macquarie.

*See* Agreement, annexed to the Declaration of Christopher A. Parlo ("Parlo Decl.") as Exhibit A, at p. 8.  The Agreement explicitly states that "claims for discrimination…based on sex…and/or claims for violation of any federal, state or other governmental law, statute, regulation or ordinance including…Title VII of the Civil Rights Act of 1964" are covered by the arbitration provision. Parlo Decl. at p. 11.  The Agreement further notes that it covers all claims, "whether made against Macquarie, any of its subsidiary or affiliated entities, or its individual *officers*, directors, or trustees thereof (in an official or personal capacity)." *Id. (emphasis added)*.

-1-

Ignoring the Agreement's binding arbitration provision, and thereby making salacious and unfounded allegations against Ansell public, McLaughlin filed the instant action in the United States District Court for the Southern District of New York, asserting claims against Macquarie and Ansell, arising out of and relating to her employment at Macquarie.  Specifically, the Complaint alleges that, during her employment, McLaughlin was subjected to harassment and retaliation in violation of Title VII of the Civil Rights Act of 1962 ("Title VII"), the New York State Human Rights Law ("NYSHRL") and the New York City Human Rights Law ("NYCHRL") ECF Dkt. No. 1.  McLaughlin further alleges that Ansell aided and abetted this conduct.  Because these claims fall directly within the scope of the arbitration clause of her Agreement, McLaughlin must pursue her claims against Ansell only in arbitration with the American Arbitration Association ("AAA").[1]

For the reasons set forth in Macquarie's Motion to Compel (ECF Dkt. No. 16), and those that follow, Ansell respectfully requests that this Court dismiss this action and compel the arbitration of McLaughlin's claims before the AAA pursuant to the explicit terms of the arbitration provision in the Agreement.

Alternatively, if this matter is not compelled to arbitration, and remains pending with this Court, McLaughlin's First, Fourth, Fifth, Sixth, Seventh and Eighth Causes of Action must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).  On their face, these claims warrant dismissal under Fed. R. Civ. P. 12(b)(6).  First, McLaughlin's Title VII claims against Ansell (the First and Fourth Causes of Action) fail as a matter of law as there is no individual liability under Title VII, i.e. individuals may not be held liable under Title VII.  Likewise, McLaughlin's aiding and abetting claims (the Seventh and Eighth Causes of Action) fail because Ansell cannot aid and abet what is

---

[1] As noted in Macquarie's Motion to Compel, there is a pending AAA arbitration proceeding in which McLaughlin is free to pursue her claims.  *See* ECF Dkt. No. 16, Motion to Compel, at 5-6.

alleged to be his own actions.  Finally, McLaughlin's NYSHRL and NYCHRL retaliation claims (the Fifth and Sixth Causes of Action) fail because she has failed to and cannot allege the basic elements of a retaliation claim: that she engaged in protected activity by opposing unlawful discrimination; or that she experienced any adverse treatment by Ansell as a result.  More specifically, it was impossible for Ansell to have engaged in any retaliatory action as he ceased to be employed by Macquarie, and had no further contact with McLaughlin, before any of the alleged retaliatory events occurred.  The Complaint fails to contain any facts which would give rise to even a plausible argument that temporally, or otherwise, Ansell could be liable for any retaliation.

## ARGUMENT

### I.     THIS COURT SHOULD COMPEL ARBITRATION IN ACCORDANCE WITH THE TERMS OF THE AGREEMENT AND ARBITRATION PROVISION

#### A.     Federal Law Requires That Arbitration Provisions Be Enforced.

The Federal Arbitration Act ("FAA") reflects "a 'liberal federal policy favoring arbitration.'" *AT & T Mobility LLC v. Concepcion,* 563 U.S. 333, 339 (2011) (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.,* 460 U.S. 1, 24 (1983)).  "[W]here the contract contains an arbitration clause, there is a presumption of arbitrability in the sense that '[a]n order to arbitrate the particular grievance should not be denied unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute.'" *AT & T Technologies, Inc. v. Communications Workers of America*, 475 U.S. 643, 650 (1986) (quoting *United Steelworkers of America v. Warrior & Gulf Navigation Co.*, 363 U.S. 574, 582-83 (1960)). The FAA embodies the "overarching principle that arbitration is a matter of contract," and commands courts to "'rigorously enforce' arbitration agreements according to their terms." *Am. Express Co. v. Italian Colors Rest.,* 133 S. Ct. 2304, 2309 (2013) (citing *Rent–A–Center,*

*West, Inc. v. Jackson,* 561 U.S. 63, 67 (2010) and *Dean Witter Reynolds, Inc. v. Byrd,* 470 U.S. 213, 221 (1985)).

When deciding a motion to compel arbitration under the FAA, courts must "construe[ ] an arbitration clause as broadly as possible" and "resolve[ ] doubts in favor of arbitration." *Zaken v. Jenny Craig, Inc.*, No. 11-CV-02465, 2011 WL 4916928, at *1-2 (E.D.N.Y. Oct. 13, 2011) (citing *Collins & Aikman Prods. Co. v. Bldg. Sys., Inc.,* 58 F.3d 16, 19–20 (2d Cir. 1995)). In determining whether claims are subject to arbitration, courts "focus[ ] on the factual allegations in the Complaint and [should] compel arbitration if the allegations underlying [an employee's] claim 'touch matters' covered by the parties' agreement." *Id.* at *2. (quoting *Genesco, Inc. v. T. Kakiuchi & Co.,* 815 F.2d 840, 846 (2d Cir. 1987)).

As the foregoing makes clear, "[t]he FAA leaves no place for the exercise of discretion by a district court, but instead mandates that district courts shall direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed." *Breckenridge Edison Dev., L.C. v. Sheraton Operating Corp.,* No. 13-6804, 2014 WL 4802885, at *2 (S.D.N.Y. Sept. 18, 2014) (citations omitted).

Here, each of the claims in the Complaint, including those asserted against Ansell, arise out of and is directly related to McLaughlin's employment with Macquarie, and, therefore, unmistakably falls squarely within the scope of the arbitration provision in the Agreement. The FAA, and the strong federal policy favoring arbitration, requires this Court to enforce the terms of the Agreement and compel arbitration.

### B. The Explicit Terms of the Agreement Encompass All Claims McLaughlin Alleges in this Action, Including those Against Ansell.

The arbitration provision in the Agreement expressly provides for "final and binding resolution" in arbitration of "any controversy or claim arising out of or relating to [the]

employment relationship with Macquarie," which specifically includes claims for discrimination…based on sex…and/or claims for violation of any federal state or other governmental law, statute, regulation or ordinance including…Title VII of the Civil Rights Act of 1964." Parlo Decl., Ex. A, p. 11.  The Agreement further provides, that "[d]isputes covered by the Procedure include all such claims *whether made against Macquarie, any of its subsidiary or affiliated entities, or its individual officers, directors, or trustees thereof (in an official or personal capacity)*." *Id.*  (emphasis added).  Based on the express terms of the Agreement, McLaughlin's sexual harassment, sex discrimination and retaliation claims against Ansell, a former officer of Macquarie,[2] fall directly within the scope of this arbitration provision.  Because the scope of the arbitration provision directly encompasses McLaughlin's claims against Ansell, this Court must dismiss the Complaint and compel arbitration.

### C.    Longstanding Principles of Estoppel and Agency Law Permit Ansell to Invoke the Arbitration Clause.

Under principles of estoppel articulated by the Second Circuit, Ansell is entitled to compel McLaughlin's claims to arbitration even though he is not a signatory to the Agreement.  As explained by the Second Circuit:

> Under principles of estoppel, 'signatories to an arbitration agreement can be compelled to arbitrate their claims with a nonsignatory where a careful review of the relationship among the parties, the contracts they signed  . . . and the issues that had arisen among them discloses that the issues the nonsignatory is seeking to resolve in arbitration are intertwined with the agreement that the estopped party has signed.'

*Ragone v. Atl. Video at Manhattan Ctr.*, 595 F.3d 115, 127 (2d Cir. 2010).  The fact that a non-signatory did not sign the contract containing the arbitration provision in his individual capacity is

---

[2] The Complaint acknowledges that, at the time of all alleged events, Ansell was a "high level senior manager, whose title was Executive Director ("ED") and Head of the Global Index Arbitrage Trading desk in New York." *See* Complaint at ¶ 2, ECF No. 1.

not fatal to enforcement of the arbitration provision.  Rather, when determining whether to compel arbitration of claims against a non-signatory, courts examine whether the claims (1) are "intertwined with the underlying contract obligations" and (2) whether there was a "close relationship" between the defendant signatory and defendant non-signatory. *Ross v. American Express Co.*, 478 F.3d 96, 100 (2d Cir. 2007).  Ansell, undeniably an agent of Macquarie at the time the activities at issue occurred, easily satisfies both prongs of this test, as courts in the Second Circuit have repeatedly compelled arbitration of claims alleged against non-signatories when the non-signatory is an employee or agent of the signatory.  *See, e.g.*, *Campaniello Imps., Ltd. v. Saporiti Italia S.p.A.*, 117 F.3d 655, 668 (2d Cir. 1997); *Roby v. Corp. of Lloyd's*, 996 F.2d 1353, 1360 (2d Cir. 1993).  Therefore, as an agent of Macquarie, Ansell is entitled to compel McLaughlin to arbitrate her claims against him.

> 1.   **McLaughlin's Claims Against Ansell and Macquarie Are Factually Intertwined.**

Non-signatories to arbitration agreements can compel signatories to arbitrate claims that are "inextricably intertwined" with arbitrable claims against other signatories. *Ross*, 478 F.3d at 99; *Choctaw Generation Limited Partnership v. American Home Assurance Co.*, 271 F.3d 403, 404 (2d Cir. 2001); *Contec Corp. v. Remote Solution Co.*, 398 F.3d 205, 208-09 (2d Cir. 2005); *Astra Oil Co. v. Rover Navigation, Ltd.*, 344 F.3d 276, 280-81 (2d Cir. 2003).  Here, McLaughlin's claims against Ansell are unmistakably "intertwined" with McLaughlin's claims against Macquarie.  Indeed, McLaughlin's claims against both Ansell and Macquarie stem directly from Ansell's alleged behavior during McLaughlin's employment with Macquarie.  Resolution of the claims against Macquarie will therefore largely depend on the identical facts and law as will disposition of the claims against Ansell.  *See Ragone*, 595 F.3d at 128 ("There is . . . no question that the subject matter of the dispute between Ragone and AVI is factually intertwined with the

dispute between Ragone and ESPN.   It is, in fact, the same dispute: whether or not Ragone was subjected to acts of sexual harassment which were condoned by supervisory personnel at AVI and ESPN.").

Furthermore, the plain language of the Agreement demonstrates that McLaughlin's claims against Macquarie and Ansell are inextricably intertwined, as the Agreement explicitly states that arbitrable claims under the Agreement include those "made against Macquarie" or, "its individual officers, directors, or trustees thereof." Parlo Decl., Ex. A, p. 11.  Ansell undoubtedly satisfies the first prong of the court's test.

### 2.    **Ansell and Macquarie are "Closely Related."**

Ansell meets the second prong of the test because a close relationship exists between Ansell and Macquarie.  Ansell was an officer and agent of Macquarie until his termination in or around October 2017.  "Courts in this and other circuits consistently have held that employees or disclosed agents of an entity that is a party to an arbitration agreement are protected by that agreement." *Campaniello Imports Inc.*, 117 F.3d at 669 (2d Cir. 1997) (quoting *Roby*, 996 F.2d at 1360 (2d Cir. 1993)).  *See, e.g., Roby*, 996 F.2d at 1360 (holding that individual chairs of the governing bodies of defendant's insurance syndicates were entitled to rely on arbitration provisions incorporated into their employers' agreements, notwithstanding that the chairs were not signatories to any agreement with the investors); *Arrigo v. Blue Fish Commodities, Inc.*, 704 F. Supp. 2d 299, 303 (S.D.N.Y. 2010) (compelling former employee's claims to arbitration because employer's agent was protected by employment agreement); *Scher v. Bear Stearns & Co.*, 723 F. Supp. 211, 216-17 (S.D.N.Y. 1989) (finding that acts by employees of one of the parties to an agreement are equally arbitrable as acts of the principals as long as the challenged acts fall within the scope of the agreement); *Brener v. Becker Paribas, Inc.*, 628 F. Supp. 442, 451 (S.D.N.Y. 1985) (same as *Scher*).

New York state courts have also held that an agent of an entity that is a party to an arbitration agreement may compel arbitration. *See Degraw Constr. Group, Inc. v McGowan Bldrs., Inc.*, 152 A.D.3d 567, 570 (2d Dep't 2017) (holding that corporate officers could enforce an arbitration provision in one of the corporation's contracts because "the alleged misconduct attributed to the individual defendants in the complaint related to their behavior as employees and officers of [the corporation]"); *Hirschfeld Prods. v Mirvish*, 218 A.D.2d 567, 568 (1st Dep't 1995), *aff'd*, 88 N.Y.2d 1054, 1056 (1996) (explaining even though the individual defendants were not personally signatories to the arbitration agreement, they were afforded "the benefit of arbitration agreements entered into by their principals to the extent that the alleged misconduct…[is] in their capacities as agents of the corporation."); *Huntsman Int'l, LLC v Albemarle Corp.*, 2018 NY Slip Op. 30014[U], at *9 (Sup. Ct, N.Y. Cty. 2018) ("[t]he obligation can also attach where agents seek to enforce arbitration agreements entered into by their principal so long as the alleged misconduct relates to their behavior ... as agents of the corporation."); *Nardi v Povich*, 12 Misc. 3d 1188[A], 824 N.Y.S.2d 764, 2006 NY Slip Op. 51487[U] (Sup. Ct, N.Y. Cty. 2006) (holding that "[I]t is not the case that an obligation to arbitrate attaches only to one who has personally signed the written arbitration provision").

Accordingly, Ansell, a former agent of Macquarie, has a sufficiently close relationship with Macquarie to compel McLaughlin to arbitrate her claims under the Agreement.

3.   **Judicial Efficiency Requires the Enforcement of the Agreement by Ansell.**

Apart from comporting with common law principles of agency, the enforcement of the Agreement by an agent will also prevent piecemeal or fragmented litigation and promote comprehensive resolution and efficiency. Here, arbitration provides a single forum within which all disputes arising under a single contract may be resolved. The Complaint alleges that Ansell

committed wrongful acts in his capacity as an agent of Macquarie, and the claims against both Macquarie and Ansell are based upon the same facts. Resolution of the claims against Macquarie will therefore largely depend on the same facts and evidence as the claims against Ansell. To require this litigation to continue parallel to the arbitration between McLaughlin and Macquarie would be illogical and a waste of resources for all parties. This Court should therefore dismiss this action and compel that McLaughlin's claims be heard before the AAA.

II. **IN THE ALTERNATIVE, IF THIS ACTION IS NOT COMPELLED TO ARBITRATION, ANSELL'S PARTIAL MOTION TO DISMISS THE COMPLAINT SHOULD BE GRANTED**

Should the Court decline to compel Plaintiff to arbitrate her claims, McLaughlin's First, Fourth, Fifth, Sixth, Seventh and Eighth Causes of Action should nevertheless be dismissed pursuant to Fed. R. Civ. P. 12(b)(6). The purpose of Fed. R. Civ. P.  12(b)(6) is to "streamline litigation by dispensing with needless discovery and fact-finding" and to eliminate baseless claims. *Neitzke v. Williams*, 490 U.S. 319, 326-27 (1989).  To survive a motion to dismiss, a complaint must contain sufficient facts which, when accepted as true, "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662 (2009).  A claim has "facial plausibility" only when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.  The standard under Rule 12(b)(6) demands that a plaintiff set forth facts that go beyond "unadorned, the-defendant-unlawfully-harmed-me accusation[s]." *Id.* (citing *Twombly*, 550 U.S. at 555, 557).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

**A.      The First and Fourth Causes of Action Must Be Dismissed as a Matter of
Law Because Ansell is Not Subject to Individual Liability Under Title VII.**

McLaughlin's First and Fourth Causes of Action seek recovery against Ansell under Title VII, claiming that Ansell discriminated and retaliated against McLaughlin.  Compl., ¶¶ 369-381, 404-416.  McLaughlin's Title VII discrimination and retaliation claims against Ansell are easily dismissed, however, because individuals are not subject to liability under Title VII.  *See Patterson v. Cty. of Oneida*, 375 F.3d 206, 221 (2d Cir. 2004) ("[I]ndividuals are not subject to liability under Title VII") (citations omitted); *see also Mormol v. Costco Wholesale Corp.*, 364 F.3d 54, 56, 59 (2d Cir. 2004) (affirming dismissal of Title VII sexual harassment claims against individual defendant, because "there is no individual liability under Title VII").   Therefore, even if McLaughlin's allegations against Ansell had any validity (and they do not), they still do not raise an entitlement to relief under the law and must be dismissed.

**B.      The Fifth and Sixth Causes of Action Must Be Dismissed Because
McLaughlin Fails to State a Claim for Retaliation.**

McLaughlin's Fifth and Sixth Causes of Action seek recovery against Ansell under the NYSHRL and the NYCHRL, claiming that Ansell retaliated against her.  Compl., ¶¶ 417-429, 430-442.  Under the NYSHRL and the NYCHRL, to state a claim for retaliation McLaughlin must show that (1) she engaged in protected activity; (2) Ansell was aware of McLaughlin's protected activity; (3) McLaughlin suffered a materially adverse action or was treated less well by Ansell because of that activity; *and* (4) there was a causal connection between the protected activity and a retaliatory action by Ansell.  *Rivera v. Rochester Genesee Reg'l Transp. Auth.*, 743 F.3d 11, 24-25 (2d Cir. 2014) (NYSHRL claims); *see also Ya-Chen Chen v. City Univ. of New York*, 805 F.3d 59, 76 (2d Cir. 2015) (NYCHRL claims).  Here, McLaughlin's claims of retaliation fail because she has not plead, and cannot demonstrate, both that she engaged in any protected activity as to

Ansell, and that she suffered an adverse action or was treated less well by Ansell. More specifically, it was impossible for Ansell to have engaged in any retaliatory action as he ceased to be employed by Macquarie, and had no further contact with McLaughlin, before any of the alleged retaliatory events occurred.  The Complaint fails to contain any facts which would give rise to even a plausible argument that temporally, or otherwise, Ansell could be liable for any retaliation.

### 1.    McLaughlin Did Not Engage in Protected Activity As to Ansell.

McLaughlin has not stated, and is unable to state, a viable claim of retaliation because she cannot demonstrate that she engaged in any protected activity as to Ansell.  Indeed, reading the Complaint most generously in McLaughlin's favor, it appears that McLaughlin is strangely attempting to base her claims upon Ansell allegedly attempting to retaliate against her after his wife learned of their relationship, and not because she reported any improper conduct or otherwise engaged in any protected activity.  Specifically, the Complaint alleges that following his wife's discovery, Ansell retaliated against McLaughlin by hiring an outside consultant under the pretext of strengthening the team, while it was truly "pretext to support setting up and terminating McLaughlin."  Compl. ¶ 323.  Using her own words, McLaughlin's retaliation claim thus fails because Ansell's wife's discovery does not constitute protected activity, as it has nothing to do with opposing alleged unlawful discrimination or any other protected activity.  *See Ochei v. Coler/Goldwater Memorial Hosp.,* 450 F. Supp. 2d 275, 287 (S.D.N.Y. 2006) (finding plaintiff did not engage in a protected activity where plaintiff did not allege that she was a victim of discrimination); *Reed v. A.W. Lawrence & Co.*, 95 F.3d 1170 (2d Cir. 1996) (finding plaintiff failed to establish a prima facie case of retaliation because the alleged complaint was not a protected activity, plaintiff must show "opposition to an unlawful employment practice").

### 2.    McLaughlin Did Not Suffer any Adverse Employment Action.

In addition to McLaughlin's failure to demonstrate that she engaged in protected activity

as to Ansell, McLaughlin's retaliation claims also fail for the simple reason that she did not suffer _any_ adverse employment actions.  McLaughlin was not terminated, she was not demoted, and her responsibilities, compensation and position remain the same today.   Indeed, the Complaint acknowledges that "McLaughlin continues to report to work" (Compl. ¶ 354), and "remains and is currently employed by Macquarie as a Managing Director, Head of U.S. Cash Equity Sales." Compl. ¶ 57.   *See Joseph v. Leavitt*, 465 F.3d 87, 90 (2d Cir. 2006) ("Examples of materially adverse changes include termination of employment, a demotion evidenced by a decrease in wage or salary, a less distinguished title[.]").

Further, McLaughlin does not allege, nor could she, that Ansell himself took any adverse actions against her as a result of any protected activity.  Rather, Ansell began discussions with an outside consultant – the alleged instrumentality for bringing about the retaliation McLaughlin alleges – weeks before his wife's discovery.  Accordingly, even if that discovery could be protected activity (and it is not) any action taken before that activity occurred cannot be retaliatory. Moreover, McLaughlin does not allege, and cannot allege, that any adverse action occurred as a result of the retention of the consultant. As already noted, McLaughlin was not terminated, she was not demoted, and her responsibilities, compensation and position remain the same today. Moreover, Ansell ceased to be employed by Macquarie, and had no further contact with McLaughlin, before any retaliatory action on the part of Macquarie (and there was none) could even theoretically have occurred.  Compl. ¶ 34.  Thus, no adverse action by Ansell could exist and it certainly has not been alleged.[3]

Because McLaughlin has failed to plead facts sufficient to state any retaliation claim that

---

[3] For the same reasons, McLaughlin does not, and cannot, claim that Ansell retaliated against her following any complaint to Macquarie because Ansell was terminated by Macquarie shortly thereafter and, therefore, had no control over the terms and conditions of McLaughlin's employment.  Compl. ¶ 34.

Case 1:17-cv-09023-RA   Document 31   Filed 03/13/18   Page 18 of 19

is even merely plausible, the Fifth and Sixth Causes of Action must be dismissed.

**C.    The Seventh and Eighth Causes of Action Must Be Dismissed as a Matter of Law Because Ansell Cannot Aid and Abet His Own Alleged Conduct.**

McLaughlin's Seventh and Eighth Causes of Action contend that Ansell aided and abetted the discriminatory and retaliatory employment practices to which she was allegedly subjected in violation of the NYSHRL and NYCHRL.  Compl., ¶¶ 443-450.  These claims fail as a matter of law because it is axiomatic that Ansell cannot aid and abet his own alleged discriminatory acts. *Hardwick v. Auriemma*, 116 A.D.3d 465, 468 ( 1st Dep't 2014) ("[A]n individual cannot aid and abet his or her own violation of the Human Rights Law. Since it is alleged that [defendant's] own actions give rise to the discrimination claim, he cannot also be held liable for aiding and abetting."); *see also Med. Exp. Ambulance Corp. v. Kirkland*, 79 A.D.3d 886, 888 (2d Dep't 2010) (individual "cannot be held liable under Executive Law § 296 (6) for aiding and abetting his own violation of the Human Rights Law.").

McLaughlin's NYSHRL and NYCHRL aiding and abetting claims also fail because they are wholly derived from her deficient discrimination and retaliation claims and, therefore, fail for the same reasons described above.  *Soloviev v. Goldstein*, 104 F. Supp. 3d 232, 253 (E.D.N.Y. 2015) (under both the NYSHRL and the NYCHRL "there is a requirement that liability must first be established as to the employer/principal before accessorial liability can be found as to an alleged aider and abettor.").  McLaughlin's aiding and abetting claims thus fail as a matter of law and must be dismissed.

Accordingly, if this matter is not compelled to arbitration, Plaintiff's First, Fourth, Fifth, Sixth, Seventh and Eighth Causes of Action must be dismissed.

-13-

## CONCLUSION

For the foregoing reasons, Defendant Ansell respectfully requests that the Court compel arbitration of Plaintiff's claims, and dismiss this action in its entirety.  In the alternative, if the Court does not compel arbitration, Ansell asks that the Court grant his Partial Motion to Dismiss the Complaint, and dismiss the First, Fourth, Fifth, Sixth, Seventh and Eighth Causes of Action pursuant to Fed. R. Civ. P. 12(b)(6).


Dated: March 13, 2018                              Respectfully submitted,


                                                   MORGAN, LEWIS & BOCKIUS LLP

                                                   By: */s/ Christopher A. Parlo*
                                                       Christopher A. Parlo

                                                       101 Park Avenue
                                                       New York, NY 10178-0060
                                                       Phone: (212) 309-6062
                                                       Fax: (212) 309-6001
                                                       chris.parlo@morganlewis.com

                                                       *Attorneys for Defendant Robert Ansell*

-14-