

Proskauer Rose LLP    Eleven Times Square    New York, NY 10036-8299

November 15, 2019

Lloyd B. Chinn
Member of the Firm
d +1.212.969.3341
f 212.969.2900
lchinn@proskauer.com
www.proskauer.com

**VIA ECF**

Honorable Ronnie Abrams
United States District Judge
United States Courthouse
40 Foley Square, Room 1506
New York, New York 10007

    **Re:**    **McLaughlin v. Macquarie Capital (USA) Inc.**
            **Case No. 17-CV-09023 (RA)**

Dear Judge Abrams:

We represent Defendant Macquarie Capital (USA) Inc. ("Macquarie") in the above-referenced matter and write on behalf of all parties in accordance with the Court's Order of October 31, 2019 regarding the status of this case.  (Dkt. No. 58.)  We have shared a draft of this letter with counsel recently retained by Ms. McLaughlin, and on her behalf, he has authorized its submission.

Macquarie initiated an arbitration proceeding against McLaughlin on November 27, 2017, asserting a claim for breach of contract based on McLaughlin's breach of a mandatory arbitration agreement.  Macquarie also sought a declaratory judgment that Macquarie did not unlawfully sexually harass or otherwise discriminate or retaliate against McLaughlin.  McLaughlin counterclaimed against Macquarie for sex discrimination and retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C.A. § 2000E, the New York State Human Rights Law § 296(1)(A), and the New York City Human Rights Law, § 8-107.  In accord with the rules of the American Arbitration Association, Arbitrator William L. Kandel was selected by the parties as the arbitrator for this matter.

The arbitration hearing was held over twenty-nine (29) non-consecutive days beginning on October 29, 2018 and concluding on May 16, 2019.

In a series of findings and rulings, the Arbitrator found in Macquarie's favor on substantially all issues, and dismissed McLaughlin's counterclaims.  The Arbitrator awarded Macquarie damages in the amount of $69,419.50 on Macquarie's breach of contract claim.  The Arbitrator has further ruled that Macquarie is entitled to recover attorneys' fees and costs associated with its defense of McLaughlin's counterclaims, which the Arbitrator found to be frivolous and sanctionable, as well as fees and costs incurred by Macquarie due to McLaughlin's spoliation of evidence.

**Proskauer»**

Hon. Ronnie Abrams
November 15, 2019
Page 2

The only issue remaining for the Arbitrator to decide is the amount of attorneys' fees and costs that McLaughlin must pay to Macquarie. Macquarie submitted its application (the "Fee Application") for attorneys' fees and costs to the Arbitrator on November 1, 2019. Ms. McLaughlin's newly retained counsel has indicated that they will be submitting opposition to the Fee Application, and we anticipate that the matter will be fully briefed in early December and presumably decided shortly thereafter. Upon the issuance of a final arbitration award by the Arbitrator, Macquarie anticipates filing a motion to confirm with the Court. Ms. McLaughlin's counsel has indicated that Ms. McLaughlin reserves her right to oppose such a motion and/or to move to vacate any award.

Respectfully submitted,

*/s/ Lloyd B. Chinn*

Lloyd B. Chinn

cc: Douglas J. McGill, Esq.
Webber McGill LLC
760 Route 10, Suite 104
Whippany, NJ 07981
Counsel for Khristina McLaughlin