

Proskauer Rose LLP   Eleven Times Square   New York, NY 10036-8299

May 22, 2020

**BY ECF**

Lloyd B. Chinn
Member of the Firm
d +1.212.969.3341
f 212.969.2900
lchinn@proskauer.com
www.proskauer.com

The Honorable Judge Ronnie Abrams
United States District Court
Southern District of New York
40 Foley Square, Room 2203
New York, NY 10007

Re:   McLaughlin v. Macquarie Capital (U.S.A.) Inc., et al., No. 1:17-cv-09023

Dear Judge Abrams:

We represent Macquarie Capital (U.S.A.) Inc. ("Macquarie") in the above-referenced matter. In accordance with Rule 5(A)(iii) of Your Honor's Individual Practices, and the Court's prior directives on sealing in this case (Dkt. No. 21; Tr. 6:10-10), we write to request that Macquarie's Petition to Confirm the Arbitration Award, with accompanying declaration and exhibits, be filed under seal. Although it is Macquarie's position that the Petition and vast majority of associated exhibits should be filed publicly, we are filing the entirety of Macquarie's submission under seal (by email) at the request of Plaintiff Khristina McLaughlin ("Plaintiff" or "McLaughlin"). We also note that former party Robert Ansell ("Ansell") has thus far opposed the public filing of these materials. We understand that one or both of them intend to move to seal additional portions of Macquarie's submission.

Although, in general, the public has a right to access judicial records, this presumption can be overcome by competing considerations, including "the privacy interests of those resisting disclosure." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006). The court must first determine whether the documents in question are "judicial documents," and, if they are, whether the party moving to seal has demonstrated that the presumption of access is overcome by the need to protect "higher values." *Id.* Among the factors that courts consider in evaluating the privacy interest of those opposing disclosure are: (1) "the degree to which the subject matter is traditionally considered private rather than public," and (2) "the nature and degree of the injury" that will be caused by revealing the information. *U.S. v. Amodeo*, 71 F.3d 1044, 1051 (2d Cir. 1995). Petitions to confirm arbitration awards, and their supporting documents, are "judicial documents" and are therefore subject to the presumption of public access under the First Amendment. *Alexandria Real Estate Equities, Inc. v. Fair*, No. 11-CV-3694-LTS, 2011 WL 6015645, at *2 (S.D.N.Y. Nov. 30, 2011) (internal citations omitted).

McLaughlin filed a Complaint in this Court on November 17, 2017, in which she alleged that Ansell had sexually harassed her and that Macquarie was liable for his conduct. (Dkt. No. 1.) McLaughlin included in her Compliant salacious allegations and several graphic images that McLaughlin and Ansell had exchanged during the course of their relationship. Macquarie immediately moved to seal the complaint, on an expedited basis, in light of (1) the parties'

**Proskauer»**

Hon. Ronnie Abrams
May 22, 2020
Page 2

agreement to arbitrate all claims in confidential arbitration; (2) the salacious allegations and sexually explicit images included in McLaughlin's filing; and (3) the negative publicity that would, and did, in fact, result from McLaughlin's public filing. Judge Marrero granted Macquarie's emergency sealing application. (Dkt. No. 2.) However, because McLaughlin first filed her Complaint late on a Friday afternoon, it remained available for review and downloading over the course of the entire weekend, as there was apparently no one available in the clerk's office over the weekend to act on Judge Marrero's order and seal the document. Upon assignment to this Court, that order remained in effect and was not disturbed. We note that this matter has received press coverage in publications including Bloomberg as well as the Sydney Morning Herald.

Macquarie has included among the exhibits attached to its Petition its American Association Arbitration (AAA) Demand for Arbitration against McLaughlin and McLaughlin's AAA counterclaims against Macquarie. (*See* Exs. C and F.) One of the Exhibits to Macquarie's Demand (Ex. C) is the Complaint itself, which the Court has already ruled may be sealed. The Court's decision to seal this document—which contains graphic images and excerpts from text messages that McLaughlin and Ansell exchanged—should remain in effect. Exhibits C and F, which were the operative pleadings in the underlying arbitration, contain allegations and information similar to what the Court has already allowed to remain under seal, and should therefore be sealed now too.

Macquarie does not believe that the arbitral awards themselves should be sealed. It is well established that arbitration awards, absent countervailing factors, should be filed in the public record. *See, e.g., TIG Ins. Co. v. Nat'l Union Fire Ins. Co. of Pittsburg, PA*, No. 19-CV-10238-PAE, 2019 WL 6310208 (S.D.N.Y. Nov. 25, 2019). As noted in Macquarie's Petition, the arbitrator intentionally omitted from his awards the lurid and graphic details of McLaughlin's and Ansell's communications because he understood that there would be an application to confirm (or vacate) his decisions. There is nothing in the arbitration awards themselves, or in any of the other attachments to Macquarie's Petition other than the two documents noted above, that warrants sealing.[1]

Macquarie therefore respectfully requests that the Court enter an order permitting Exhibits C and F to Macquarie's Petition to Confirm the Arbitration Award to be filed under seal.

Respectfully submitted,

*/s/ Lloyd B. Chinn*

cc:   Douglas McGill, Esq., *counsel for Plaintiff* (by email)
      Robert Ansell (by email)

---

[1] Macquarie reserves the right to respond to McLaughlin's and/or Ansell's sealing applications.