

760 Route 10, Suite 104
Whippany, NJ 07981
Phone: 973-739-9559
Fax: 973-739-9575
www.webbermcgill.com

*Douglas J. McGill, Esq.*
*dmcgill@webbermcgill.com*

May 26, 2020

*Via ECF*

Honorable Ronnie Abrams
United States District Court
Southern District of New York
40 Foley Square, Room 2203
New York, New York 10007

    Re:    *McLaughlin v. Macquarie Capital (U.S.A.), Inc., et al.; No. 1:17-cv-09023*

Dear Judge Abrams:

    We represent Plaintiff Khristina McLaughlin ("Ms. McLaughlin").[1] Please accept this letter in response to Defendant Macquarie Capital (U.S.A.), Inc.'s ("Macquarie's") May 22, 2020 [Docket No. 65] letter motion to file Exhibits C and F to its Petition to Confirm the Arbitration Award (the "Petition") under seal. While Ms. McLaughlin joins in Macquarie's request to seal Exhibits C and F, Ms. McLaughlin respectfully requests that the entirety of the Petition and related Declaration, including all exhibits, be sealed.

    At the outset, it is important to note that Ms. McLaughlin does not contest the Arbitrator's final award. In fact, undersigned counsel proposed to Macquarie's counsel that a consent judgment confirming the final award be submitted, but that suggestion was rejected by Macquarie. Instead, Macquarie has submitted a lengthy Petition, Declaration and a multitude of exhibits that are – respectfully - unnecessary for the Court to consider in order to confirm the award. Indeed, the Second Circuit has recognized:

> "[C]ourts generally "will not look beyond the lump sum award in an attempt to analyze the reasoning processes of the arbitrators." *Kurt Orban Co. v. Angeles Metal Sys.*, 573 F.2d 739, 740 (2d Cir.1978) Rather, "if a ground for the arbitrator's decision can be inferred from the facts of the case, the award should be confirmed." *Sobel v. Hertz, Warner & Co.*, 469 F.2d 1211, 1216 (2d Cir.1972).

*Barbier v. Shearson Lehman Hutton Inc.*, 948 F.2d 117, 121 (2d Cir. 1991).

---

[1] We have today filed a proposed Stipulation and Order for Substitution of Counsel [Docket No. 66].

1884170.1

With the foregoing in mind, and as noted in Macquarie's letter motion, the arbitration at issue arose out an agreement between Ms. McLaughlin and Macquarie to arbitrate all claims in confidential arbitration. Also, Ms. McLaughlin remains subject to confidentiality obligations with Defendant Robert Ansell, who has been dismissed from this case, which may be implicated by Macquarie's Petition.

Ms. McLaughlin acknowledges the law of this Circuit that a confidentiality agreement, without more, is an insufficient basis on which to seal judicial documents. In this case, however, additional considerations warrant sealing of Macquarie's Petition. First, a portion of the Arbitrator's Final Award expressly contemplates that the confidential nature of the arbitration proceeding will be maintained. *See Chinn Declaration, Exhibit M at p. 14, ¶ 4 and p. 15, ¶ 5.* A public filing of the Petition would thus undermine part of the basis for the Final Award.

Secondly, with respect to the other aspect of the Final Award, McLaughlin has already satisfied that award, as is acknowledged by Macquarie in its Petition. *See Petition at ¶ 33, n. 3.* In a similar factual situation, at least one court has found that a confidentiality agreement between the parties warranted redaction or sealing of portions of a petition to confirm an arbitration award. *See Nationwide Mut. Ins. Co. v. Continental Casualty Co.,* 2014 WL 12770123 (N.D.Ill. 2014) (finding that "the presumption in favor of the public filing of "documents that affect the disposition of federal litigation" [was] not triggered, because "[a]ll that matters at this juncture is that the award is unchallenged and has been fully satisfied [and] [i]ndeed, this action is 'federal litigation' in name only; the petition does not articulate any substantive dispute").

For the foregoing reasons, Ms. McLaughlin respectfully requests that the entirety of Macquarie's Petition be sealed.

Respectfully,

*/s/ Douglas J. McGill*

Douglas J. McGill

Cc (via email):
Lloyd B. Chinn, Esq.
Mr. Robert Ansell

1884170.1