

Proskauer Rose LLP   Eleven Times Square   New York, NY 10036-8299

June 8, 2020

Lloyd B. Chinn
Member of the Firm
d +1.212.969.3341
f 212.969.2900
lchinn@proskauer.com
www.proskauer.com

**BY ECF**

The Honorable Judge Ronnie Abrams
United States District Court
Southern District of New York
40 Foley Square, Room 2203
New York, NY 10007

Re:   McLaughlin v. Macquarie Capital (U.S.A.) Inc., No. 1:17-cv-09023

Dear Judge Abrams:

We represent Macquarie Capital (U.S.A.) Inc. ("Macquarie") in the above-referenced matter and write in response to Plaintiff Khristina McLaughlin's ("McLaughlin") letter dated May 26, 2020. None of the arguments advanced by McLaughlin for sealing the entirety of Macquarie's Petition to Confirm and related filings has merit, and her motion should be denied.[1]

Macquarie also provided former defendant Robert Ansell the opportunity to address whether any portion of Macquarie's submission should be sealed. Mr. Ansell submitted his position on these issues as of June 3, 2020 and requested that the Court seal Exhibit A to Macquarie's Petition. Macquarie does not oppose Mr. Ansell's application. Accordingly, Macquarie requests that the Court deny McLaughlin's letter motion to seal, with the exception of Exhibits A, C, and F. *See* Dkt. No. 65.

First, McLaughlin's contention that it was "unnecessary" for Macquarie to submit a petition and exhibits is simply wrong. The Federal Arbitration Act clearly contemplates that a petitioner seeking confirmation of an arbitration award file the award with the Court, as well as all "paper[s] used upon" the petitioner's application. *See* 9 U.S.C. § 13(b) and (c). Most of the documents attached to Macquarie's Petition are the arbitration awards themselves. The other exhibits that Macquarie filed are the operative pleadings and two emails, which Macquarie submitted in further support of its Petition. All of these documents—as well as the Petition itself—are properly before the court. McLaughlin's reliance on *Barbier v. Shearson Lehman Hutton Inc.* is misplaced, because in that case the parties submitted the pleadings and the arbitration award in question to the Court as part of their petitions to vacate and confirm. *See*

---

[1]   While Macquarie seeks the public filing of the majority of the documents it is submitting in connection with its Petition to Confirm, it has not – consistent with this Court's December 21, 2017 guidance (Dkt No. 21, Tr. 6:10-20) – sought to place into the public record any salacious material involving any of the individuals involved, whether McLaughlin or others.

**Proskauer»**

Hon. Ronnie Abrams
June 8, 2020
Page 2

752 F. Supp. 151, 153 n.1, n.3, 160 (S.D.N.Y. 1990).  If anything, that case supports Macquarie's position, not McLaughlin's.

Second, the parties' confidentiality agreement does not provide a basis for sealing because, as McLaughlin has acknowledged, "the mere existence of a confidentiality agreement . . . is insufficient to overcome the First Amendment presumption of access." *Alexandria Real Estate Equities Inc. v. Fair*, No. 11-CV-3694-LTS, 2011 WL 6015646 (S.D.N.Y. Nov. 30, 2011).  *See also Aioi Nissay Dowa Ins. Co. v. ProSight Specialty Mgmt. Co.*, No. 12-CV-3274-JPO, 2012 WL 3583176, at *6 (S.D.N.Y. Aug. 21, 2012) (denying a motion to seal arbitration documents on the basis of a confidentiality agreement and noting that courts in this district "have consistently refused to seal the record of a petition to confirm an arbitration award, notwithstanding the existence of such an agreement.").  We also note the inconsistency of McLaughlin's position on the subject of confidentiality, when viewed over the life of this matter.  In late 2017, McLaughlin demanded an exorbitant settlement payment from Macquarie based on her threat to go public with her sensational allegations.  When that effort was unsuccessful, she filed her complaint – with its highly salacious content – in the public record, garnering immediate media attention then and over the life of the case.  Having now had her claims resoundingly rejected (among other negative rulings against her), McLaughlin seeks to hide those failures from public view, while the media reports about her improperly filed claims remain online for all to see.

Third, the fact that McLaughlin is not contesting the award does not provide any basis for sealing.  It is well-established that "[p]etitions to confirm arbitration awards, and their attendant memoranda of law and supporting documents, are 'judicial documents that directly affect the Court's adjudication' of the confirmation petition." *Alexandria Real Estate Equities Inc.*, 2011 WL 6015646, at *2 citing *Church Ins. Co. v. Ace Prop. & Cas. Ins. Co.*, No. 10-CV-698-RJS, 2010 WL 3958791, at *1 (S.D.N.Y. Sept. 23, 2010).  Such documents are subject to the presumption of public access, which "is true whether or not the petition to confirm an arbitration award is contested, because an unopposed petition for confirmation of an arbitration award is treated as akin to a motion for summary judgment, in which the court independently applies the facts of the case to the legal standard for award confirmation." *Id.  See also TIG Ins. Co. v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA*, No. 19-CV-10238-PAE, 2019 WL 6310208, at *3-4 (S.D.N.Y. Nov. 25, 2019) (denying request to seal where respondent did not oppose petition to confirm, holding that "[i]t is 'plain as day'" that an arbitral award and petition to confirm it are judicial documents.).[2]

Fourth, McLaughlin's contention that the Arbitrator "contemplate[d] that the confidential nature of the arbitration proceeding will be maintained" in court is incorrect.  In fact, the Arbitrator's

---

[2]   Additionally, McLaughlin has not satisfied the Final Award (Chinn Decl. Exs. L and M) in full, as she is required to make further sanctions payments to Macquarie.  *See* Macquarie Ex. M at ¶¶ 5-10. However, even if she had satisfied the Final Award, that would not provide grounds for sealing.  *See TIG Ins. Co.*, 2019 WL 6310208, at *1 (denying request to seal arbitration award that had been "fully satisfied.")

**Proskauer»**

Hon. Ronnie Abrams
June 8, 2020
Page 3

Orders indicated the very opposite: he anticipated that a petition to confirm (or vacate) would be filed publicly and – for that reason – took steps to omit the more salacious elements of this case from his awards. *See* Chinn Decl. Ex. G at 3.

For the foregoing reasons, Macquarie requests that McLaughlin's motion be denied in substantial part, and that its recent filings be unsealed, with the exception of Exhibits A, C & F.

Respectfully submitted,

*s/ Lloyd B. Chinn*
Lloyd B. Chinn


cc: Douglas McGill, Esq., *counsel for McLaughlin*, by ECF and email
     Robert Ansell, by email

**Proskauer»**