UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ x
KHRISTINA MCLAUGHLIN,                          :
                                               :
                          Plaintiff,      :  Case No.: 1:17-cv-09023-RA
                                               :
           - against -                     :  **ECF Case**
                                               :
MACQUARIE CAPITAL (U.S.A.) INC., and           :
ROBERT ANSELL,                                 :
                                               :
                       Defendants.      :
------------------------------------------------------------ X

MACQUARIE HOLDINGS (U.S.A.), INC.              :
                                               :
                       Petitioner,      :
                                               :
           - against -                     :
                                               :
KHRISTINA MCLAUGHLIN,                          :
                                               :
                       Respondent.      :
------------------------------------------------------------ x

**PETITION TO CONFIRM ARBITRATION AWARD**

Lloyd B. Chinn, Esq.
Rachel S. Fischer, Esq.
PROSKAUER ROSE LLP
11 Times Square
New York, New York 10036
(212) 969-3000
*Attorneys for Petitioner Macquarie Holdings (U.S.A.), Inc.*

## NATURE OF THE PROCEEDING AND RELIEF SOUGHT

1.  Petitioner Macquarie Holdings (U.S.A.), Inc. ("Petitioner" OR "Macquarie")[1], by and through its attorneys, moves pursuant to 9 U.S.C. §§ 9 and 13 to confirm the Arbitration Award issued on February 5, 2020 by Arbitrator William L. Kandel, (the "Award") in an arbitration administered by, and in accordance with the applicable Rules of, the American Arbitration Association ("AAA") between Petitioner Macquarie and Respondent Khristina McLaughlin ("Respondent" OR "McLaughlin").  This Petition is supported by the accompanying Declaration of Lloyd B. Chinn and attached exhibits.

2.  The Award specifically incorporated five other written decisions issued by Arbitrator Kandel: (1) "Rulings on Sexual Harassment," dated April 17, 2019, in which the Arbitrator found that McLaughlin "had not proved sexual harassment"; (2) "Rulings on Breach of Contract and Retaliation," dated July 11, 2019, in which the Arbitrator found that McLaughlin breached her contractual agreement to arbitrate any disputes with Macquarie and that she had failed to prove any retaliation; (3) "Rulings on Attorneys' Fees I," dated September 29, 2019, in which the Arbitrator found McLaughlin liable to Macquarie for $69,419.50 in damages for her breach of contract; (4) "Ruling on Attorneys' Fees II – Sanctions," dated October 2, 2019, in which the Arbitrator found that McLaughlin's brought a "frivolous Title VII claim[,]"  and pursued "frivolous [sexual harassment] claims advanced in a cost-inflating manner" and was therefore subject to monetary sanctions; and (5) "Reasons for Sanctions in Final Award," dated February 5, 2020, in which the Arbitrator ordered McLaughlin to pay between ten thousand

---

[1] McLaughlin incorrectly initiated this action against Macquarie Capital (U.S.A.) Inc.  However, McLaughlin was employed at all relevant times by Macquarie Holdings (U.S.A.) Inc., the Petitioner here.

dollars ($10,000) and sixty thousand dollars ($60,000) to Macquarie as a sanction for filing frivolous sexual harassment claims. Macquarie seeks judgment in accordance with these terms.

## SUMMARY OF PRIOR PROCEEDINGS IN THIS COURT

3. Plaintiff filed a Complaint against Macquarie in this Court on November 17, 2017, in which she asserted claims for sexual harassment, discrimination, and retaliation against Macquarie, and claims for aiding and abetting discrimination against Robert Ansell. (Dkt. No. 1.) Plaintiff sought $20,000,000 in compensatory damages and an additional $20,000,000 in punitive damages. (*Id.* at ¶¶ 380-81.) Macquarie moved to seal the Complaint on an expedited basis because McLaughlin had entered into an employment agreement with Macquarie in which she expressly agreed to arbitrate "any controversy or claim arising out of or relating to [her] employment relationship with Macquarie, the terms and conditions of [her] employment or the termination thereof." (Dkt. No. 2.) Macquarie's application was granted. (Dkt. No. 3.) On December 22, 2017, Macquarie moved to dismiss and compel arbitration in light of the mandatory arbitration agreement between the parties. (Dkt. Nos. 15-18.) After Macquarie permitted McLaughlin to take a paid leave of absence, at her request, McLaughlin moved for a preliminary injunction that would reinstate her to active employment. (Dkt. No. 44.) On August 7, 2018, the Court granted Macquarie's motion to compel arbitration, stayed this case pending the outcome of the parties' arbitration, and denied McLaughlin's motion for a preliminary injunction as moot. (Dkt. No. 53.)

## PARTIES

4. Macquarie Group Limited is a global investment banking and diversified financial services group. Macquarie Capital (U.S.A.) Inc. – an operating group of Macquarie Group

Limited, and a subsidiary of Petitioner Macquarie – comprises the U.S. arm of Macquarie Group's corporate advisory, equity, debt and private capital markets businesses.

5. Petitioner Macquarie Holdings (U.S.A.), Inc. is a Delaware corporation with a principal place of business in New York, New York. Macquarie has operations across the United States. Macquarie was McLaughlin's employer and the Claimant in the underlying Arbitration.

6. Respondent Khristina McLaughlin is former Macquarie employee and, upon information and belief, a resident of Tenafly, New Jersey.

## JURISDICTION AND VENUE

7. The Court has jurisdiction over this action on the grounds of a federal question pursuant to 28 U.S.C. § 1331, as Respondent's claim and Petitioner's declaratory action arose under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et. seq* ("Title VII"). Supplemental jurisdiction exists over any and all remaining claims pursuant to 28 U.S.C. § 1367 because they are related to and arise from the same set of operative facts as the Title VII claims and the claims over which the Court has diversity jurisdiction.

8. This Court has personal jurisdiction over Respondent because she consented to personal jurisdiction in the Southern District of New York, signed an arbitration agreement through which she agreed to arbitrate her claims in New York, New York, and the Parties did in fact arbitrate such claims in New York.

9. Venue is appropriate in this District under 28 U.S.C. § 1391 because this Court issued an order compelling arbitration in this matter and the Parties' arbitration took place in New York, New York.

**RELEVANT FACTUAL AND PROCEDURAL HISTORY**

10. Macquarie and McLaughlin are parties to an arbitration agreement, which McLaughlin electronically signed on or about May 6, 2017 (the "Arbitration Agreement"). (Dkt. Nos. 2-2, 2-3.)

11. During the course of her employment, McLaughlin had previously executed nearly identical arbitration provisions, requiring "strictly confidential" arbitration of all claims "arising out of or relating to [her] employment relationship with Macquarie." (Dkt. No. 18-1, pgs. 19-30.)

12. Notwithstanding the Arbitration Agreement, Plaintiff's former counsel, Jonathan Sack, made it clear, in both written and verbal communications, that negative publicity was the desired goal of a public filing. (Chinn Decl., Ex. A.) Indeed, in an email to Macquarie personnel on October 23, 2017, Mr. Sack specifically referred to his public filing of a past complaint against another financial services institution and noted the alleged negative impact of that filing on the bank's trading volumes. (*Id.*)

13. In a November 1, 2017 conversation (Chinn Decl. at ¶ 7) and by letter dated November 17, 2017 (Dkt. No. 17-1, p. 2), Macquarie's counsel advised Mr. Sack that McLaughlin was subject to a mandatory arbitration agreement. Macquarie also provided Mr. Sack with a copy of the agreement. (*Id.*) Mr. Sack, in turn, forwarded Macquarie's November 17, 2017 letter to Plaintiff. (Chinn Decl., Ex. B.)

14. Notwithstanding McLaughlin's express agreement to arbitrate – and after having been reminded of its existence – McLaughlin filed a Complaint in this Court on November 17, 2017 – late on a Friday afternoon, presumably so as to frustrate any attempt to seal – alleging claims of sexual harassment and sex discrimination in violation of Title VII, the New York State

Human Rights Law ("NYSHRL") and the New York City Human Rights Law ("NYCHRL") against Macquarie Capital (U.S.A.) Inc. and Robert Ansell.  (Dkt. No. 1.)  McLaughlin alleged that Ansell had sexually harassed her and that Macquarie was liable for his conduct. (*Id.*)  Among the allegations were salacious quotations and graphic images taken from among the approximately 32,000 text messages, photos and videos that McLaughlin and Ansell had exchanged during the course of their relationship.  (*Id.*)

15.   Macquarie immediately moved to seal the Complaint on an expedited basis in light of McLaughlin's agreement to arbitrate "any controversy or claim arising out of or relating to [her] employment relationship with Macquarie, the terms and conditions of [her] employment or the termination thereof." (Dkt. No. 2.)  Judge Marrero granted Macquarie's expedited application, and ordered that the Complaint be sealed. (Dkt. No. 3.)  Macquarie subsequently moved to seal the entire docket, pursuant to a joint stipulation by the parties. (Dkt. No. 7.)  The Court denied Macquarie's application and instead ruled that the parties "may request that individual documents, or parts thereof, be filed under seal." (Dkt. No. 11.)  The Court subsequently ruled that counsel for the parties should attempt to submit a joint proposal regarding information that should be sealed.  (Dkt. No. 21.)

16.   On November 27, 2017 Macquarie filed a Demand for Arbitration with the AAA seeking a declaratory judgment that it had neither discriminated against nor retaliated against McLaughlin in violation of Title VII, the NYSHRL or the NYCHRL, and additionally seeking damages stemming from McLaughlin's breach of the Arbitration Agreement.  (Chinn Decl., Ex. C.)

17.   On November 30, 2017, the AAA served McLaughlin with Macquarie's Demand for Arbitration.  (Dkt. No. 17-1, pgs. 31-37.)

18. On December 22, 2017, Macquarie moved in this Court for an Order dismissing the Complaint and compelling Plaintiff to arbitrate her claims before the AAA, in accordance with the Arbitration Agreement. (Dkt. Nos. 15-18, 26, and 27.)

19. On April 18, 2018, McLaughlin filed a Statement of Answer to Macquarie's Demand for Arbitration, denying all claims. (Chinn Decl., Ex. D.)

20. Shortly thereafter, on April 20, 2018, McLaughlin sought leave to seek an injunction ordering Macquarie to reinstate McLaughlin. (Dkt. No. 36.) The Court granted leave. (Dkt No. 44.)

21. On April 24, 2018, Ansell filed a demand for arbitration against McLaughlin. The separate arbitrations initiated by Macquarie and Ansell against McLaughlin were ultimately consolidated into one action before Arbitrator Kandel.

22. On August 7, 2018, this Court granted Macquarie's motion to compel arbitration, denied as moot McLaughlin's request for injunctive relief and stayed the proceedings in federal court. (Dkt. No. 53.)

23. On September 20, 2018, after retaining new counsel, McLaughlin filed another Answer to Macquarie's Demand for Arbitration, denying all claims. (Chinn Decl., Ex. E.)

24. Subsequently, on September 26, 2018, McLaughlin filed counterclaims against Macquarie Holdings (U.S.A.), Inc., Macquarie Capital (U.S.A.) Inc., and Robert Ansell claiming discrimination and retaliation in violation of Title VII, the NYSHRL or the NYCHRL, and common law claims against Ansell. (Chinn Decl., Ex. F.)

25. McLaughlin and Macquarie, through the prescribed AAA process, selected Arbitrator William Kandel to preside over the Arbitration. (Chinn Decl. at ¶ 13.)

26. During the course of the Arbitration, the Arbitrator issued multiple Scheduling Orders and Discovery Orders, providing the Parties with the ability to exchange discovery and file requested motions. (*Id.* at ¶ 14.)

27. Throughout the course of the Arbitration, the Parties engaged in extensive discovery, including document requests and interrogatories, and submitted multiple scheduling disputes, discovery disputes and motions to the Arbitrator, which the Arbitrator resolved. (*Id.* at ¶ 15.)

28. The arbitration hearings were held over twenty-nine (29) non-consecutive days, beginning on October 29, 2018 and concluding on May 16, 2019. (*Id.* at ¶ 16.)

29. On April 17, 2019, the Arbitrator issued a decision titled "Ruling on Sexual Harassment," and held that McLaughlin "has not proved sexual harassment" and that she had conceded that no retaliation occurred before October 23, 2017. The Arbitrator ultimately concluded that "the credible evidence demonstrates that the…sexual relationship [between McLaughlin and Ansell], throughout, was consensual and welcome." (Chinn Decl., Ex. G at 20.) In so ruling, the Arbitrator made multiple important findings of fact:[2]

- "McLaughlin's conduct – which included thousands of texts to Ansell . . . communicated at most the ups and downs of a two-year relationship; she did not communicate unwelcomeness, with clarity, as to the sexual component." (*Id.* at 9.)

---

[2] The Arbitrator sought to minimize any reference to the more salacious aspects of this matter in his written decisions, noting that he intentionally did not quote from the text messages that Ansell and McLaughlin exchanged in his rulings in light of "[t]he likely return trip to court on motions to confirm and/or vacate" and "to minimiz[e] the risk of further disclosure of embarrassing details." (Chinn Decl., Ex. G at 3.) In an abundance of caution, and in the interest of preserving some degree of confidentiality as to this already publicized matter, Macquarie has elected to omit even the oblique elements of the Arbitrator's rulings that came close to revealing any of the details of the relationship between Ansell and McLaughlin.

- "Her alleged fear or inhibition as explanation for not being frank is no justification for her failure to communicate.  What McLaughlin and Ansell did not suffer was a failure to communicate – 32,500 texts in two years . . ." (*Id.* at 9.)

- "Ansell's [texts] were more discursive, McLaughlin's blunt, often nonverbal, including astrology messages supportive of their relationship, videos, photos, and naughty emojis." (*Id.* at 9.)

- "The sum total of everything McLaughlin did, said, or wrote did not indicate to Ansell or anyone else at Macquarie that his sexual advances were unwelcome or created a hostile work environment." (*Id.* at 12.)

- "From beginning to end of their sexual relationship, McLaughlin's contemporaneous texts were more accurate descriptions than her later and contrary testimony about what had occurred 1-2 years earlier." (*Id.* at 20.)

- "McLaughlin communicated to nobody at Macquarie during her and Ansell['s] relationship that it even existed, much less was unwelcome." (*Id.* at 8.)

30. On May 23, 2019, McLaughlin dismissed her claims in this Court against Ansell voluntarily.  (Dkt. No. 57.)

31. On July 11, 2019, the Arbitrator issued a second ruling, titled "Rulings on Breach of Contract by McLaughlin and Retaliation by Macquarie."  The Arbitrator held that McLaughlin had breached her Arbitration Agreement, and that "responsibility for…breaching the Arbitration Agreement and filing the Complaint rests squarely with McLaughlin." (Chinn Decl., Ex. H at 8 ) The Arbitrator ruled that McLaughlin was liable for "(a) Macquarie's attorneys' fees and expenses incurred from court proceedings related to the Complaint, because this dispute was contractually committed to arbitration; and (b) Macquarie's attorneys' fees and expenses incurred trying to prove damage to its business directly attributable to McLaughlin's breach of her contractual obligations of confidentiality and to pursue confidential arbitration." (*Id.* at 9.)The Arbitrator further held that that McLaughlin failed to prove any unlawful retaliation by Macquarie.  (Chinn Decl., Ex. H.)

32. On July 12, 2019, the Arbitrator issued an Interim Award, which incorporated all prior rulings and granted Macquarie's claims for breach of contract, dismissed McLaughlin's claim for sexual harassment and denied McLaughlin's counterclaim for retaliation. (Chinn Decl., Ex. I.)

33. On September 29, 2019, after the Parties had briefed Macquarie's application for fees as damages arising from McLaughlin's breach of contract, the Arbitrator ordered McLaughlin to pay Macquarie $69,419.50 in damages based on her breach of the Parties' Arbitration Agreement.[3]  (Chinn Decl., Ex. J.)

34. On October 2, 2019, the Arbitrator sanctioned McLaughlin pursuant to Federal Rule of Civil Procedure 11, Federal Rule of Civil Procedure 37, and *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412 (1978), which authorizes sanctions against litigants who file frivolous Title VII claims.  The Arbitrator found that McLaughlin had made "false and misleading allegations" of sexual harassment and that her "arguments [were] frivolous."  The Arbitrator further noted seventeen examples "where her federal court complaint was false or misleading based on the facts she knew at the time it was filed," and concluded that McLaughlin was subject to monetary sanctions for forcing Macquarie to "defend against frivolous claims advanced in a cost-inflating manner."  (Chinn Decl., Ex. K.)

35. In the same October 2, 2019 decision, the Arbitrator determined that McLaughlin spoliated evidence by deleting relevant texts, deleting communications with her former attorneys, and failing to retain an audio recording she made in the workplace, finding that McLaughlin "'inten[ded] to deprive' Macquarie of relevant information."  The Arbitrator

---

[3] As of March 20, 2020, McLaughlin has satisfied this portion of the Final Award in its entirety.

therefore determined that discovery sanctions were proper, and provided a briefing schedule for Macquarie's fee application.  (*Id.*)

36. Macquarie subsequently submitted a motion for attorneys' fees and costs.

37. On February 5, 2020, the Arbitrator issued a Final Award which incorporated all prior rulings.  (Chinn Decl., Ex. L.)

38. On the same day, the Arbitrator issued "Reasons for Sanctions in Final Award," in which the Arbitrator ordered McLaughlin to pay sanctions to Macquarie of ten thousand dollars ($10,000) to sixty thousand dollar ($60,000), depending on certain variables.  (Chinn Decl., Ex. M.)

39. This Petition is brought within one year after the delivery of the Award, and the Award is entitled to confirmation pursuant to Section 9 of the Federal Arbitration Act, 9 U.S.C. §§1 *et. seq*

40. Confirmation of an arbitration award is "a summary proceeding that merely makes what is already a final arbitration award a judgment of the court," *Florasynth, Inc. v. Pickholz*, 750 F.2d 171, 176 (2d Cir. 1984), and the court "must grant" confirmation of the award "unless the award is vacated, modified, or corrected."  9 U.S.C. § 9; *D.H. Blair & Co., Inc. v. Gottdiener*, 462 F.3d 95 (2d Cir. 2006).  Therefore, Macquarie moves for confirmation of the award.

## CLAIM ONE

### Confirm Arbitration Award under the Federal Arbitration Act

41. Macquarie repeats and realleges the facts recited in paragraphs 1 through 40 hereof as if fully set forth herein.

42. The Arbitrator's Award was made in accordance with the terms and provisions of the Arbitration Agreement and is final and enforceable with respect to the claims Macquarie asserted in its AAA arbitration demand.

43. Respondent has not challenged the validity of the Award under grounds permitted by 9 U.S.C. § 10, or sought modification of the award under grounds permitted by 9 U.S.C. § 11, nor do sufficient grounds exist for such challenges.

44. By reason of the foregoing, the Court should issue an order confirming the Award and direct that judgment be entered thereon.

**WHEREFORE**, Petitioner respectfully requests that this Court:

1. Issue an order pursuant to 9 U.S.C. § 9 confirming the Award;

2. Enter judgment thereon pursuant to 9 U.S.C. § 13;

3. Award Petitioner such other and further relief as this Court deems just and proper.

Dated: New York, New York
       May 22, 2020

PROSKAUER ROSE LLP

By: _/s/ Lloyd B. Chinn_____
    Lloyd B. Chinn, Esq.
    Rachel S. Fischer, Esq.
    Eleven Times Square
    New York, NY  10036
    212.969.3341
    212.969.2900 (fax)
    lchinn@proskauer.com
    rfischer@proskauer.com
    *Attorneys for Petitioner*
    *Macquarie Holdings (U.S.A.), Inc.*