# Exhibit D

AMERICAN ARBITRATION ASSOCIATION

| | |
|---|---|
| MACQUARIE HOLDINGS (USA), INC, <br><br> Claimant, <br> v. <br><br> KHRISTINA MCLAUGHLIN, <br><br> Respondent. | Case No. 01-17-0007-1828 <br><br> **STATEMENT OF ANSWER** |

Khristina McLaughlin ("McLaughlin" or "Respondent"), by and through her attorneys, Sack & Sack LLP, as and for her Statement of Answer to the Demand for Arbitration filed by Claimant Macquarie Holdings (USA), Inc. ("Macquarie" or "Claimant"), states and alleges as follows:

**GENERAL DENIAL**

Respondent admits that Claimant brings this action for a declaratory relief seeking that (1) Respondent has not committed any violations under the cited statutes, and (2) that any disputes between Claimant and Respondent are subject to confidential mandatory arbitration, but denies that Claimant is entitled to such relief. Respondent further admits that Claimant also brings this action for breach of contract, but denies that Claimant is entitled to such relief. Furthermore, Respondent denies that (1) she is compelled to arbitrate her discrimination and retaliation claims under Title VII of the Civil Rights Act of 1964, the New York State Human Rights Law, and the New York City Human Rights Law; (2) Respondent's filing of her Complaint in the United States District Court of the Southern District of New York constitutes a breach of her contractual obligations to Macquarie; and (3) that McLaughlin engaged in a consensual sexual relationship with Robert Ansell and suffered no adverse action or discrimination as a result of that relationship.

Finally, Respondent states that Macquarie is not entitled to any of the relief specified in Claimant's Demand for Arbitration and respectfully requests that Claimant's claims be denied in their entirety.  Respondent reserves the right to assert such other defenses as may be appropriate.

### AFFIRMATIVE DEFENSES

Without admitting any of the allegations contained in the Demand for Arbitration, and/or assuming the burden of proof as to any of the following defenses where the law does not impose such a burden, Respondent alleges as follows:

### FIRST DEFENSE

1. Claimant's Demand for Arbitration fails, in whole or in part, to state a claim upon which relief may be granted or for which damages may be awarded.

### SECOND DEFENSE

2. At all times, Respondent acted in good faith.

### THIRD DEFENSE

3. At all times, Respondent acted in compliance with the terms of any agreements she had with Claimant.

### FOURTH DEFENSE

4. Claimant has suffered no damages as the result of any action of Respondent.

### FIVE DEFENSE

5. Respondent suffered an adverse employment action.

### SIXTH DEFENSE

6. Claimant failed to properly investigate Respondent's claims and complaints of discrimination and took no corrective action to immediately redress and resolve such matters.

### SEVENTH DEFENSE

7. Any and all actions taken with respect to Respondent were taken for illegitimate,

discriminatory reasons, and we directly related to Plaintiff's gender or her invocation of rights under Title VII of the Civil Rights Act of 1964, the New York State Human Rights Law, and/or the New York City Human Rights Law.

## AS TO "WHEREFORE" PROVISION

Respondent denies that Claimant is entitled to the relief requested.

**WHEREFORE**, having answered the Demand for Arbitration, Respondent respectfully requests judgment dismissing the Demand for Arbitration in its entirety, and that the Arbitrator award the Respondent, costs and any other and further relief the Arbitrator may deem just and proper.

Dated: April 18, 2018
      New York, New York

                                    Respectfully submitted,

                                    **SACK & SACK, LLP.**

                                    */s/ Jonathan Sack*

By:    Jonathan S. Sack, Esq.
          Sack & Sack, LLP
          70 East 55th Street, 10th Floor
          New York, NY 10022
          (212) 702-9000
          *Attorneys for Respondent*