
Proskauer Rose LLP   Eleven Times Square   New York, NY 10036-8299

July 8, 2020

Lloyd B. Chinn
Member of the Firm
d +1.212.969.3341
f 212.969.2900
lchinn@proskauer.com
www.proskauer.com

**BY ECF**

The Honorable Judge Ronnie Abrams
United States District Court
Southern District of New York
40 Foley Square, Room 2203
New York, NY 10007

Re:   McLaughlin v. Macquarie Capital (U.S.A.) Inc., No. 1:17-cv-09023

Dear Judge Abrams:

We represent Macquarie Capital (U.S.A.) Inc. ("Macquarie") in the above-referenced matter and request, in accordance with Rule 5(A)(iii) of the Court's Individual Practices, and the Court's directive during the telephone conference held on June 29, 2020, that the Court permit limited redactions on Exhibits A, C, and F to Macquarie's Petition to Confirm the Arbitration Award. Pursuant to the Court's Individual Practices we are submitting herewith copies of Exhibits A, C, and F under seal, with proposed redactions highlighted. We have conferred with Plaintiff Khristina McLaughlin and former party Robert Ansell. Macquarie's proposed redactions are highlighted in orange. Mr. Ansell's additional proposed redactions are highlighted in pink, and Ms. McLaughlin's additional proposed redactions are highlighted in green. Macquarie does not oppose Mr. Ansell's or Ms. McLaughlin's additional proposed redactions.

Although the public "has a qualified common law right of access to judicial documents," countervailing factors can overcome the right of access. *In re September 11 Litig.*, 723 F. Supp. 2d 526, 530 (S.D.N.Y. 2010) (*citing Lugosch v. Pyramid Co. of Onondaga*, 435 F. 3d 110, 119-20 (2d Cir. 2006)). "The Second Circuit has set forth a three-part analysis for determining whether documents relating to a lawsuit must be made available to the public." *Stern v. Cosby*, 529 F. Supp. 2d 417, 420 (S.D.N.Y. 2007) (*citing Lugosch*, 435 F. 3d at 119-20). The Court must first determine whether the documents are judicial documents to which the public has a presumptive right of access. *Stern*, 529 F. Supp. at 420. Second, the Court must determine the weight of the presumptive right of access. *Id*. Once the weight is determined, "a court must balance competing considerations against it." *Id*. A party may overcome the presumption of access by demonstrating that sealing will further other substantial interests, including a third party's personal privacy interests. *Under Seal v. Under Seal*, No. 16-cv-7820 (KBF), 2017 WL 3432720, at *4 (S.D.N.Y. Aug. 10, 2017).

Macquarie's proposed redactions are limited to (i) the identities of non-parties; (ii) certain salacious and inaccurate portions of McLaughlin's filings in arbitration as well as her filings in

**Proskauer»**

Hon. Ronnie Abrams
July 8, 2020
Page 2

this Court (that were included in pleadings filed in the underlying arbitration); and/or (iii) salacious and inaccurate allegations asserted in correspondence by her former counsel.

We thank the Court for its attention to this matter.

Respectfully submitted,

s/ Lloyd B. Chinn

---

The parties' request to redact portions of Exhibits A, C, and F of Defendant's petition to confirm the arbitral award is GRANTED. Judicial documents are entitled to a presumption of public access under both the First Amendment and common law. See Bernstein v. Bernstein Litowitz Berger & Grossman LLP, 814 F.3d 132, 141 (2d Cir. 2016). Any redaction or sealing request of judicial documents must be narrowly tailored to serve the cited purpose, as well as otherwise consistent with the presumption of judicial access. See Lugosch v. Pyramid Co. of Onodago, 435 F.3d 110, 119-20 (2d Cir. 2006). Here, the parties have properly narrowed their redaction request to portions of these three exhibits. And the present redaction requests are narrowly tailored to further the parties' substantial interests, including their interests in the privacy of third parties. See id. at 120 (explaining that "privacy interests" are a valid consideration when reviewing a sealing or redaction request).

Accordingly, the Clerk of Court is respectfully directed to file the documents at docket entries 72, 73, and 74 with the parties' proposed redactions.

SO ORDERED.

_____
Ronnie Abrams, U.S.D.J.
July 16, 2020